Johnson *et al.*, surviving partners, *v.* Slappey.

In his opening argument on the trial of a claim case, counsel for the claimant alluded to the suit which resulted in the issuance of the execution to the levy of which the claim was interposed; and to this allusion counsel for the plaintiffs argued in reply. But in the concluding argument claimant's counsel was allowed, over objection, to urge the merits of the suit alluded to, and to expatiate at large upon the question involved therein, and to state that one of the defendants in execution only signed the trover bond to keep his brother out of jail where plaintiffs were seeking to incarcerate him upon an unjust claim, and on account of a brother's love, that he might be kept out of prison to remain with his sick wife and children who needed his attention. The court refused to charge that the defendant in execution who had signed the trover bond was concluded by the judgment and execution as to the debt, and was as much liable to pay this debt as if it had originally been his own undertaking. *Held:*

1. It was error not to interpose when counsel made such statements, and in a close case such error requires a new trial.

2. Under the circumstances, the court should have charged as requested, so as to correct any wrong impression made upon the jury by the remarks of counsel.

June 2, 1890.

Practice. Trials. Before Judge Fort. Sumter superior court. May term, 1889.

Reported in the decision.

E A. Hawkins, J. A. Ansley and Guerry & Son, for plaintiffs.

E. F. Hinton and Simmons & Kimbrough, for claimant.

Blandford, Justice.

This was a claim case, and upon the trial of the claim in the court below, counsel went out of the record to discuss the merits of the case in which the judgment was rendered upon which was issued the execution levied on the property claimed in the present case. This is complained of in the 4th ground of the motion for a new trial, which alleges that the court erred in permitting Mr. E. G. Simmons, one of the attorneys

for the claimant, in his concluding argument to the jury, over objection of plaintiff's counsel, to argue to the jury the merits of the original case between Harrold, Johnson & Co. and R. W. Slappey, G. J. Slappey and G. W. Slappey, in Webster superior court; Mr. Simmons having stated to the jury that G. J. Slappey only signed the trover bond to keep his brother R. W. Slappey out of jail, and that Harrold, Johnson & Co. were seeking to incarcerate his brother, R. W., in Webster county jail upon an unjust claim; that it was only a brother's love that induced him to sign the bond, that his brother might be kept out of prison and remain with his sick wife and children, who needed his attention. We think the court erred in not stopping counsel in his argument to the jury; and while we might not in a plain case be disposed to grant a new trial upon this ground, yet in a case as close as this is, we cannot say what effect such remarks of counsel may have had upon the jury.

The 5th assignment of error is, that the court erred in refusing to charge the jury, as requested by plaintiffs' counsel, that the defendant in execution, G. J. Slappey, was concluded by the judgment in Webster superior court as to the debt, and that he was as much liable to pay this debt as if it had originally been his own undertaking. We think that under the circumstances this request was proper; for while the whole matter is *dehors* the present record, yet in view of the remarks of counsel for the defendant in error above complained of, the request should have been given so as to correct any wrong impression which the jury may have received from such remarks of counsel.      *Judgment reversed.*