AULTMAN, MILLER & CO. v. SCHEELE & FISHER.

[FILED JUNE 11, 1892.]

**Review.**  Where the verdict is against the clear weight of testimony it will be set aside and a new trial granted.

ERROR to the district court for Nemaha county.    Tried below before BROADY, J.

*W. H. Kelligar,* for plaintiff in error, cited: *Holland v. Griffith,* 13 Neb., 472; *Victor Sewing Mach. Co. v. Day,* Id., 408; *Smith v. Evans,* Id., 314; *Sandwich Mfg. Co. v. Feary,* 22 Id., 53; *Fried v. Remington,* 5 Id., 525.

*G. W. Cornell, contra,* cited: *Newman v. Mueller,* 16 Neb., 523; *Dunbar v. Briggs,* 18 Id., 94; *Cooper v. Hall,* 22

Id., 168; *Colton v. Shaffer*, 23 Id., 724; *Bookwalter v. Lansing*, Id., 292.

MAXWELL, CH. J.

This action was brought to recover a balance on an account for binding twine. The whole account is $1,467.75, and the payments thereon $1,298.74, leaving a balance due the plaintiffs of $169.01, for which he prays judgment. The defendants in their answer admit "receiving 9,000 pounds of twine of plaintiff, valued at $1,205, and defendants further admit paying plaintiff the sum of $1,298.74, as itemized in plaintiffs' petition, and which now stands as a credit in favor of these defendants and against said plaintiff, and defendants aver that there is now due thereon from plaintiff to defendants the sum of $93.74 as balance due defendants, with interest thereon from April 1, 1889, at the rate of seven per cent per annum, as appears more fully by the account hereto attached. And for further defense to plaintiff's petition defendants deny each and every allegation therein not herein expressly admitted. Wherefore defendants pray judgment against said plaintiff in the sum of $93.74, with interest from April 1, 1889, at seven per cent per annum, and costs of suit." On the trial of the cause the jury returned a verdict in favor of the defendants for the sum of $103.56, and a motion for a new trial having been overruled, judgment was entered on the verdict. On the trial the parties entered into the following stipulation:

"Defendants admit that they received a car from plaintiff of the C. & C. M. R. R., No. 1132, billed to Wm. Mangan, at South Auburn. Plaintiff admits that if they sent the twine in dispute it was sent in that car. Defendants admit that if the twine was sent in that car and they got it, they owe for it.

"It is further agreed that if there is a verdict for the plaintiff it shall be for $169.01, with seven per cent interest

from October 1, 1888. Plaintiffs agree if defendants succeed they shall have a verdict for $93.74, with interest at seven per cent from April, 1889."

It is proved beyond dispute that the twine was shipped in car 1132, billed to William Mangan at South Auburn, Neb., that the contents of the car were transferred to the defendants and that the seal had not been broken when they received the car. T. W. McCargar was the general agent of the plaintiffs at Council Bluffs, Iowa, and the defendants sent the following letter to him :

"AUBURN, June 6, 1888.

"*T. W. McCargar*—DEAR SIR: We note that you don't know about how an order was sent you about two weeks ago. We ordered 10,000 Manilla and 1,000 Sisal, and 2,000 we got in the car with binders. We want the order filled with Buckeye twine as you had taken the order when we made the contract. Fill the car with six foot binders, and bundle carriers send three. We hope this order will be filled at once, if not filled at this date. Our binders are all sold that are on hand.

"Yours truly,    SCHEELE & FISHER."

The original letter is before us, together with a stipulation of the attorneys that the appearance of the paper at the word "June" is not to be considered. This stipulation no doubt was felt to be necessary by reason of the testimony of one of the defendants who seemed to be anxious to swear that the word "June" had been inserted in place of July. The change, however, seems to have existed alone in his imagination. He does testify, however, that the letter was written in July, but he is directly contradicted by his own letter of June 11, 1888, which is as follows:

"SOUTH AUBURN, NEB., June 11, 1888.

"*T. W. McCargar, Council Bluffs, Iowa.*—SIR: Yours of the 6th at hand. In answer will say, fill the car at Akron, Ohio, with twine and machines, as you advised us

to have it done; but we got to have at least 9,000 lbs. of Manilla and 1,000 lbs. of Sisal, the 2,000 lbs. of Sisal we got in this car must be outside of the order; that would make 3,000 lbs. of Sisal, and that is all we can sell of that kind; they all want Manilla twine.

"Yours truly, 　　　　SCHEELE & FISHER."

In addition to this it is clearly shown that if the defendants had any twine in June, 1888, it was procured from the plaintiff, and four or five disinterested witnesses testify that the defendants had twine before or by the middle of that month. On the part of the defendant, one Watkins testified, in effect, that he was present when the car was opened and assisted in unloading it, but that he saw no twine and that he would have seen it if there had been any there. He was then asked, "I want to ask you about that conversation, whether or not you had a conversation with Judge Stull in North Auburn about two weeks before the last term of court, in which conversation you asked the judge whether he would give you some advice without charging you anything, and if he didn't say yes, and if you didn't then ask him what kind of an offense it would be if you went to my office and got hold of some papers in the Scheele & Fisher case that you could get $50 for the papers, and that you could get them, and didn't Judge Stull advise you not to do it. Answer yes or no?"

A. I think the judge is a little bit off; I think the judge is a little full, there was no such conversation at all, I guess.

Q. And if in the same conversation Judge Stull didn't ask you as follows: "Who will give you the money for it, and how do you know you can get it," and didn't you answer, "I can get it from the defendants in the twine case against Aultman, Miller & Co., or something to that effect.

A. No. sir.

Judge Stull testifies in regard to that matter as follows: "I was going down on the street on the east side along

there and came in front of Bothell's livery barn, and Watkins was there and one or two other gentlemen around the barn; he said he would like to see me a minute, and he said something about charges if he asked me a question and he stepped down twenty or thirty or forty feet in front of the opera house, and then he asked what could be done with a fellow if he stole some papers out of an office and I told him it would not be a very good thing to do, and then he went on to say it was either letters or papers, I would not say which, if he could take them out of Kelligar's office and deliver them to Auburn parties he could get $50, I think, for it. I had some conversation with him as to what papers they were, and he said they were the papers in this case of the Machine Co. against Scheele & Fisher. I told him I was not in the habit of advising people to do that kind of business and he might find it pretty dear business. That was the substance of the conversation."

We do not care to comment upon this testimony, nor is it necessary to do so. The overwhelming weight of testimony shows that the defendants received the twine in question and are indebted for the balance due. It is very evident that there was considerable rash swearing, bordering on if not actual perjury, in the case. The verdict and judgment are against the clear weight of testimony. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.