# Heiss, Appellant, v. Lancaster.

*Negligence—Municipalities—Uncovered gutter—Evidence.*

In an action against a city to recover damages for personal injuries sustained at an uncovered gutter crossing, evidence is admissible that other gutter crossings in the city were in a similar condition to the one where the accident occurred.

In an action against a city to recover for injuries sustained at an uncovered gutter crossing, it is proper for the court to charge that " a city is not bound to keep its highways in the condition of absolute safety, nor is it obliged to cover its crossings at all places, if it does not see fit to do so. This, like all other city improvements, may be done or not, as the municipal authorities see proper, and the absence, therefore, of a crossing at the place of the accident, was not of itself negligence in the corporation."

In an accident case against a city, the court charged as follows: " A burden rests upon the plaintiff, even though the city was negligent. If. he could have seen the defect which was here alleged had he looked, and he did not look, he cannot recover in this action. He must make out a case of negligence on the part of the city, free from contributory negligence on his own part. Has he done so ? " *Held* that the instruction stated the law with entire accuracy, and that the use of the word " burden" was not improper.

Argued May 19, 1902. Appeal, No. 311, Jan. T., 1901, by plaintiff, from judgment of C. P. Lancaster Co., Aug. T., 1898, No. 4, on verdict for defendant in case of Levius Heiss v. City of Lancaster. Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LANDIS, J.

At the trial it appeared that on August 9, 1897, at five o'clock in the morning, plaintiff slipped and fell in a deep open gutter between a street crossing and the curbstone. The court admitted, under exception on a cross-examination of two of plaintiff's witnesses, testimony to the effect that many of the gutters and street crossings in the city of Lancaster are uncovered. [1, 2]

The court charged in part as follows:

[A city is not bound to keep its highways in the condition of absolute safety, nor is it obliged to cover its crossings at all

places, if it does not see fit to do so. This, like all other city improvements, may be done or not, as the municipal authorities see proper, and the absence, therefore, of a crossing at the place of the accident was not, of itself, negligence in the corporation.] [3]

[A burden rests upon the plaintiff, even though the city was negligent. If he could have seen the defect which was here alleged had he looked, and he did not look, he cannot recover in this action. He must make out a case of negligence on the part of the city, free from contributory negligence on his own part. Has he done so?] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3, 4) above instructions, quoting them.

*W. U. Hensel*, with him *J. W. Brown*, for appellant.—Persons walking on the pavements of a large city have the right to assume that the pavements are reasonably safe : Bruch v. Philadelphia, 181 Pa. 588; Duncan v. Philadelphia, 173 Pa. 550 ; Ringrose v. Bloomsburg Boro., 167 Pa. 621; Vanderslice v. Philadelphia, 103 Pa. 102 ; Aiken v. Philadelphia, 9 Pa. Superior Ct. 502; McClosky v. Dubois Borough, 4 Pa. Superior Ct. 181.

While it is true that if the plaintiff's case shows contributory negligence he cannot recover, it is not the law that a plaintiff must " prove himself " clear of it. There is no " burden " of this kind laid upon him. He is not bound to " make out " both the negligence of the city and that he was not guilty of contributory negligence.

*A. B. Hassler*, *Charles R. Kline* and *E. M. Gilbert*, for appellee, were not heard.

OPINION BY MR. JUSTICE MITCHELL, June 4, 1902 :

The first and second assignments of error are to the admission of evidence that other gutter crossings in the city were in a similar condition to the one where the accident occurred. The evidence, while not weighty, was competent. A general or common method of performance of a common duty may never-

theless be negligent, but the natural inference is to the contrary. Thus the usual and common practice of travelers to stop at a certain place before crossing a railroad is evidence that it is a proper place to stop. The witnesses in the present case had given testimony tending to show that the crossing was dangerous, and the testimony that there were many other crossings in the same condition had some bearing on the question whether to keep it in that condition was negligence on the part of the city. It had also a bearing on the question of plaintiff's contributory negligence. If these places were dangerous, and there were many of them in the streets of the city, the plaintiff was under a proportionate obligation to be on the lookout and use special care in crossing them.

The third assignment is to the charge of the court that " a city is not bound to keep its highways in the condition of absolute safety, nor is it obliged to cover its crossings at all places, if it does not see fit to do so. This, like all other city improvements, may be done or not, as the municipal authorities see proper, and the absence, therefore, of a crossing at the place of the accident was not of itself negligence in the corporation." This was a correct statement of the law. See Canavan v. Oil City, 183 Pa. 611. On the authority of that case and the well settled law, the learned judge would have been justified in giving a binding direction for the defendant.

The last assignment is to the charge that " a burden rests upon the plaintiff, even though the city was negligent. If he could have seen the defect which was here alleged had he looked, and he did not look, he cannot recover in this action. He must make out a case of negligence on the part of the city, free from contributory negligence on his own part. Has he done so ? " It is admitted that this was a correct statement of the law, except for the use of the word " burden." The word was perhaps not happily chosen, but it was not inaccurate. The plaintiff was bound to make out a case clear of contributory negligence, and this may be properly described as a burden, though a negative one. The context immediately following shows the sense in which the word was used, and states the law with such entire accuracy that the jury could not have been misled.

Judgment affirmed.