(April 25, 1912.)

SAMUEL GOLDSTONE, Appellant, v. FREDERICK RUSTEMEYER, Respondent.

[123 Pac. 635.]

VERDICT OF JURY—EVIDENCE—INSUFFICIENCY OF—REMARKS OF COURT TO JURY—IMPROPER REMARKS—PROFESSIONAL ETHICS—ARGUMENT OF COUNSEL.

(Syllabus by the court.)

1.    Evidence *held* insufficient to support the verdict.

2.    When the question before the jury was whether a price was agreed upon for the performance of certain work, or whether the

price was left open and the reasonable value thereof was left undetermined, to be settled or agreed upon after the work was completed, and the court states to the jury during the trial that the defendant is entitled to recover the reasonable value of the work, *held*, that such remark was reversible error, as the court there decided a question of fact that ought to have been submitted to the jury.

3. Where counsel in his argument to the jury deliberately goes outside of the evidence and states immaterial matters or matters not shown by the evidence, and attempts to incite the passion or prejudice of the jury in favor of his client, the judgment will be set aside, even though the court thereafter instructs the jury that they must pay no attention to what the counsel has said unless it affirmatively appears that the verdict was right and would have been the same in the absence of such unauthorized argument.

APPEAL from the District Court of the Second Judicial District for Idaho County. Hon. Edgar C. Steele, Judge.

Action to recover on an open account. Judgment for defendant. *Reversed.*

W. H. Casady, for Appellant.

Where counsel trespass on the domain of unproved facts instead of keeping within the bounds of legitimate argument, the verdict should be set aside. (*Louisville N. R. Co. v. Orr*, 91 Ala. 548, 8 So. 360; *Johnson v. Slappey*, 85 Ga. 576, 11 S. E. 862; *Grant et al. v. Varney*, 21 Colo. 329, 40 Pac. 771; *Cook v. Doud*, 14 Colo. 483, 23 Pac. 906.)

Where the verdict is manifestly against the great preponderance of the evidence, or against the clear weight of the testimony, or where the verdict is so palpably wrong as to do a manifest injustice in the case, it must be set aside. (*Atchison T. & S. F. Ry. Co. v. Wagner*, 33 Kan. 660, 7 Pac. 204; *Wunderlich v. Palatine Ins. Co.*, 104 Wis. 382, 80 N. W. 467; *Bank v. Ross*, 91 Wis. 320, 64 N. W. 993; *Badger v. Cotton Mills*, 95 Wis. 599, 70 N. W. 687; *Victor Sewing Machine Co. v. Day*, 13 Neb. 408, 11 N. W. 169.) Or where it is so manifestly against the weight of evidence as to suggest that it was rendered through prejudice or passion and that

injustice has been done thereby.    (*Aultman, Miller & Co. v. Scheele*, 34 Neb. 819, 52 N. W. 817; *Work et al. v. Kinney*, 8 Ida. 771, 71 Pac. 477; 3 Cyc. 353; *Helfrich v. Ogden City Ry. Co.*, 7 Utah, 186, 26 Pac. 295; *Keaggy v. Hite*, 12 Ill. 100.)

W. N. Scales, for Respondent.

There was no objection to remarks of counsel, and the court expressly instructed the jury that they must try the case on the law and the evidence.    The jury were fully instructed as to their guide in rendering a verdict.    (38 Cyc. 1079 (F).)

SULLIVAN, J.—This action was commenced to recover a balance alleged to be due on account of wares, goods and merchandise sold and delivered to the respondent by the appellant, and for moneys advanced by appellant to respondent and divers other persons upon the order of the respondent, in the total sum of $607.60, on which amount the appellant acknowledged a credit for work and labor performed by respondent in making a certain excavation and in laying a certain foundation for a building, for the sum and alleged agreed price of $356, and certain other items about which there is no dispute in this action, in the sum of $79.25, making a total credit of $435.25, and leaving a balance due appellant, after deducting said claims and setoffs, of $175.35, to recover which balance this action was brought.

The respondent filed his answer and counterclaim, whereby he denied that there was any contract or stipulated price for the making of said excavation and for the laying of said foundation, and avers that appellant employed him to do said work without any agreement as to the price except an implied contract that appellant would pay him what said work was reasonably worth, and alleges that said work was reasonably worth $620, which, with the said item of credit of $79.25, made, as respondent avers, a total credit of $699.25, and avers that there is a balance due him of $91.40.

The cause was tried by the court with a jury and on the trial the respondent did not dispute the account of appellant

for the sum of $609.60, and the appellant made no denial of respondent's item of $79.25, so the only question in dispute on the trial was as to what the contract really was for the making of the excavation and laying the foundation for said building. The jury returned a verdict in favor of defendant for $91.40 and judgment was entered for that amount. A motion for a new trial was overruled, and this appeal is from the judgment and order denying a new trial.

The appellant assigns as error the insufficiency of the evidence to sustain the verdict and certain errors made by the court in the trial of said case.

(1) As the judgment must be reversed and the cause remanded, we will not enter into a discussion of the evidence, as it is clear to us that the overwhelming weight of the evidence is with the appellant and there is no substantial evidence to support the verdict of the jury. Where the verdict is manifestly against the overwhelming weight of the evidence, so as to suggest that it was rendered through bias, prejudice or passion and that injustice has been done thereby, the verdict must be set aside. (3 Cyc., pp. 352, 353; *Aultman, Miller & Co. v. Scheele,* 34 Neb. 819, 52 N. W. 817.)

(2) During the progress of the trial, when the question before the court and the jury was as to whether the contract for said excavation and foundation was for an agreed price, as claimed by appellant, or for its reasonable worth or value, as claimed by respondent, the attorney for the respondent propounded to the respondent when he was testifying in his own behalf, the following question: Q. "You heard their testimony (meaning the testimony of Creelman, Goldstone and Duffy) in which they said that you said that 'that was all right' (referring to their testimony that he, witness, had admitted that $356 was the contract price for said work), did you say that?" A. "No, I didn't; I didn't say no such a thing." Q. "I will ask you whether your labor cost you as much or more than that?" The Court: "He has told them what it would be worth. That is what he would be entitled to recover." The court there virtually decides the question of fact in issue, and in effect said to the jury, The respondent

has told you what the work was worth, and he is entitled to recover that amount. This was clearly error, as the question submitted to the jury was whether he was to receive $356 as the agreed price for the completion of said work, or whether he was to receive a reasonable compensation therefor to be determined by the respondent. It is contended by counsel for appellant that said remark of the court was cured by subsequent instructions, but the impression evidently made on the minds of the jury by said statement was not removed by any subsequent instruction given by the court. After the court advised the jury that the respondent would be entitled to recover whatever the work was worth, the jury would not likely give much weight to an instruction whereby they were told that it was for them to determine whether the price was agreed upon for said work or not. It is well known that jurors observe the suggestions and bearing of the judge during the trial, and if they can catch an expression or suggestion of the opinion of the court as to his view of the merits of the case, they are almost sure to reflect that opinion in their verdict. It was clearly reversible error for the court to make such a remark during the trial in the presence of the jury.

(3) Appellant also assigns as error the misconduct of counsel for respondent in his argument to the jury of matters outside the record and prejudicial to the appellant. The record shows that counsel stated to the jury as follows: "Sam Goldstone is a rich man—a man of great wealth. He is perfectly able to pay a judgment of $91.40 and not feel it. The defendant, Fred Rustemeyer, is a poor man—a poor farmer, and a judgment against him would almost ruin him." That statement was no doubt made by counsel for the purpose of prejudicing the jury against the plaintiff and could have no other effect. That Goldstone was a rich man and Rustemeyer a poor man, even if true, was not an issue in the case and was irrelevant and immaterial. Professional ethics alone ought to be sufficient to keep counsel within the evidence in making his oral argument to the jury and to prevent him from making an argument upon irrelevant matters outside of the record for the purpose of creating prejudice against a party.

We recognize that great latitude should be allowed counsel in addressing the jury so that he may fully and fairly present every point in his case, but he should keep within the limits of the evidence and not be permitted in his argument to testify without having been sworn as a witness, or to inject matters that are not in the record for the purpose of creating prejudice or passion in the mind of the jury. (*Grant v. Varney*, 21 Colo. 329, 40 Pac. 771.) In an argument to the jury, counsel should not be permitted to supply any defect in his proof from his imagination and to impress upon the jury certain matters as facts that have not been proven, or to inject a statement of fact wholly irrelevant to the issues as reasons for a verdict in favor of his client. (*Brown v. Swineford*, 44 Wis. 282, 28 Am. Rep. 582.) It was held in *Louisville & N. R. Co. v. Orr*, 91 Ala. 548, 8 So. 360, that where counsel trespass on the domain of unproven facts, instead of keeping in the bounds of legitimate argument, the verdict should be set aside. (See, also, *Johnson v. Slappey*, 85 Ga. 576, 11 S. E. 862.) Counsel cannot deliberately go outside the evidence and attempt to incite the passions or prejudice of the jury and have such conduct cured by an instruction to the jury at the close of the trial, to the effect that they must not consider such remarks, and where a judgment is obtained by such conduct a new trial must be granted, unless it affirmatively appears that the judgment was right and would have been the same in the absence of such unauthorized argument. (*Louisville & N. R. Co. v. Orr*, *supra*.)

For the reasons above given, the judgment must be set aside and a new trial granted, and it is so ordered. Costs of this appeal are awarded to the appellant.

Stewart, C. J., concurs.

Ailshie, J., took no part in the decision.