Points Decided.

(July 9, 1912.)

## MARY A. POWERS, Respondent, v. BOISE CITY, a Municipal Corporation, Appellant.

[125 Pac. 194.]

PERSONAL INJURIES — NEGLIGENCE OF CITY—ARGUMENT OF COUNSEL— SIDEWALK—OBSTRUCTION OF—NOTICE OF OBSTRUCTION—CONSTRUCTIVE NOTICE—CITY—POWERS OF—PRIMARY LIABILITY—INSTRUCTIONS.

(Syllabus by the court.)

1. *Held,* that the city was not prejudiced by the remarks made by counsel for respondent in his argument to the jury.

2. The doctrine or rule laid down by this court in *Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635, in regard to improper remarks made by counsel during argument to the jury, approved.

3. Boise City must exercise reasonable care to discover obstructions or defects in its streets and sidewalks, and if such obstructions or defects remain for any considerable length of time, it is at least constructive notice to the city of such obstructions or defects.

4. As to whether the city has constructive knowledge of obstructions or defects in streets and sidewalks is a question for the jury.

5. Under the charter of Boise City, the city had power to manage and regulate its streets and sidewalks, and the privilege or power so granted imposes a corresponding obligation on the part of the city, and such power is coupled with the implied obligation that ordinary care at least will be exercised in keeping the streets and sidewalks clear of obstructions and defects, and if it fails to do so, it is liable for personal injuries occasioned thereby.

6. The city being liable for such injuries should prove a spur to the officials to keep the streets and sidewalks in a safe condition.

7. Where a street or sidewalk is obstructed by other persons and the city has either actual or constructive notice thereof, it is primarily liable for injuries resulting therefrom, regardless of whether the abutting owner or a police officer or the person who placed the same there is liable to the city.

8. *Held,* that the court did not err in refusing to instruct the jury to return a verdict for the defendant.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. John F. MacLane, Judge.

Action to recover for personal injuries occasioned by an obstruction on a sidewalk. Judgment for the plaintiff. *Affirmed.*

Charles F. Reddoch and P. E. Cavaney, for Appellant.

There is no evidence showing or tending to show that Boise City had any knowledge, actual or constructive, that the piece of wire which was the proximate cause of the accident was obstructing the street or sidewalk of Boise City at any time prior to the accident herein complained of.

In an action for injuries, caused by defects or obstructions, municipalities must have had notice, actual or constructive, of condition or defect. (28 Cyc. 1477; *Mitchell v. Bray,* 124 Ky. 411, 124 Am. St. 408, 99 S. W. 266, 13 L. R. A., N. S., 751; *City Council v. Comer,* 155 Ala. 422, 46 So. 761, 21 L. R. A., N. S., 951; *Carvin v. St. Louis,* 151 Mo. 334, 52 S. W. 210.)

Obstruction must be notorious before the municipality is bound to take notice of it. (*Burns v. Bradford,* 137 Pa. 361, 20 Atl. 997, 11 L. R. A. 726; *Cook v. Anamosa,* 66 Iowa, 427, 23 N. W. 907; *Broburg v. Des Moines,* 63 Iowa, 523, 50 Am. Rep. 756, 19 N. W. 340; *Williams v. Carterville,* 97 Ill. App. 160; *Lohr v. Philipsburg,* 165 Pa. 109, 30 Atl. 822; *Yeager v. Berwick,* 218 Pa. 266, 67 Atl. 347; *Alleghany v. Zimmerman,* 95 Pa. 287, 40 Am. Rep. 649; *Fitzgerald v. Concord,* 140 N. C. 110, 52 S. E. 309; *Rosevere v. Osceolo Mills,* 169 Pa. 555, 32 Atl. 548; *Reid v. Mayor etc. of New York,* 139 N. Y. 537, 34 N. E. 1102.)

The city is not liable unless the city's negligence was proximate cause of injury. (*Elam v. Mt. Sterling,* 20 L. R. A., N. S., 734, note; *District of Columbia v. Dempsey,* 13 App. D. C. 533.)

If the injury is caused by the negligence of another, there is no liability. (1 Thompson on Neg., 2d ed., sec. 712; *Morgan v. Bell Tel. Co.* (Rap. Jud. Quebec), 11 C. S. 103; *Lamb v. Licey,* 16 Ida. 664, 102 Pac. 378.)

The injury must be the proximate consequence of the act complained of; there must be no intermediate efficient cause. (*Georgetown B. & L. Co. v. Eagles,* 9 Colo. 544, 13 Pac. 696; 1 Thompson on Neg., 2d ed., 44, 45, 47.)

In argument to jury counsel should keep within the limits of the evidence, and not be permitted to testify, without having been sworn as a witness, or to interject into the case evidence that was never elicited at the trial. (*Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635; *Grant v. Verney,* 21 Colo. 329, 40 Pac. 771; *Brown v. Swineford,* 44 Wis. 282, 28 Am. Rep. 582; *Louisville & N. R. Co. v. Orr,* 91 Ala. 548, 8 So. 360; *Johnson v. Slappey,* 85 Ga. 576, 11 S. E. 862.)

Hawley, Puckett & Hawley, for Respondent.

Cities under the general law and incorporated under the general laws of Idaho, which give far less privileges to those cities than is given to Boise City by its charter, are responsible for negligence in caring for their sidewalks. (*Carson v. City of Genesee,* 9 Ida. 244, 108 Am. St. 127, and note, 74 Pac. 862; *Eaton v. City of Weiser,* 12 Ida. 544, 118 Am. St. 225, 86 Pac. 541; *Village of Sandpoint v. Doyle,* 11 Ida. 642, 83 Pac. 598, 4 L. R. A., N. S., 810; *Moreton v. Village of St. Anthony,* 9 Ida. 532, 75 Pac. 262; *Miller v. Village of Mullan,* 17 Ida. 28, 104 Pac. 660, 19 Ann. Cas. 1107.)

Cities have been held responsible for negligence of third parties in permitting wires to remain in an obstruction upon the streets. (*Nichols v. Minneapolis,* 33 Minn. 430, 53 Am. Rep. 56, 23 N. W. 868; *Hays v. Hyde Park,* 153 Mass. 514, 27 N. E. 522, 12 L. R. A. 249.)

City is liable for obstruction upon all parts of sidewalk. (*Fockler v. Kansas City,* 94 Mo. App. 464, 68 S. W. 363; *McDonald v. St. Paul,* 82 Minn. 308, 83 Am. St. 428, 84 N. W. 1022; *Larson v. Sedro-Woolley,* 49 Wash. 134, 94 Pac. 938.)

Actual knowledge or express notice of an obstruction in a street or upon a sidewalk need not be brought home to a municipal corporation in order to hold it liable for an in-

jury resulting therefrom. Constructive or implied is suffi-
cient. (Note to *Elam v. Mt. Sterling,* 20 L. R. A., N. S.,
512, 705; *Miller v. Mullan,* 17 Ida. 28, 104 Pac. 661, 19 Ann.
Cas. 1107; Elliott on Roads and Streets, p. 460; *Sutter v.
Kansas City,* 138 Mo. App. 105, 119 S. W. 1084; *Jones v.
Ogden City,* 32 Utah, 221, 89 Pac. 1006; *Austin v. Belling-
ham,* 45 Wash. 460, 88 Pac. 834; *O'Loughlin v. Pawnee City,*
68 Neb. 244, 129 N. W. 271; *St. Paul v. Hyslop,* 174 Fed. 391,
98 C. C. A. 609; *Apker v. Hoquiam,* 51 Wash. 567, 99 Pac.
746.)

Whether or not the city had constructive knowledge is a ques-
tion for the jury. (Note to *Elam v. Mt. Sterling, supra,* p.
730.)

Remarks of counsel which the jury are instructed to disregard
are no grounds for reversal. (18 Dec. Digest, "Trial," par.
133 (6), and cases there cited; 46 Am. Dig. (Cent. ed.),
"Trial," par. 316, and cases cited; *Chicago etc. Ry. Co. v.
Zapp,* 209 Ill. 339, 70 N. E. 623; *St. Louis I. M. Ry. Co. v.
Boback,* 71 Ark. 427, 75 S. W. 473; *Miller v. Pryse,* 20 Ky.
L. 1544, 49 S. W. 777; *Glasier v. Ypsilanti,* 127 Mich. 674, 87
N. W. 52; *Chezum v. Parker,* 19 Wash. 645, 54 Pac. 22.)

Where the court does all in its power to counteract the
offensive argument, and the injured party does not ask for
a discharge of the jury, the objectionable matter is deemed
cured. (Note on page 232, 7 Am. & Eng. Ann. Cas.; *Robinson
v. Stevens,* 93 Ga. 535, 21 S. E. 96; *Whaley v. Vanatta,* 77
Ark. 238, 91 S. W. 191, 7 Ann. Cas. 228; *Pressey v. Rhode
Island* (R. I.), 67 Atl. 447; *Southern Indiana Ry. Co. v. Fine,*
163 Ind. 617, 72 N. E. 589.)

SULLIVAN, J.—This action was commenced to recover
from Boise City certain damages for personal injuries sus-
tained by the plaintiff on June 29, 1907. The cause of the
injuries was the tripping and falling by the respondent over
a telephone wire attached to a pole which lay close to the
sidewalk. The pole was about twenty feet long and six to
ten inches in diameter. The wire, which was several feet

in length, was securely fastened to the small end of the pole and extended on to the sidewalk, forming a loop, in which the plaintiff caught her foot as she was walking along the sidewalk. The plaintiff was injured about 9 o'clock in the evening. She was walking in the ordinary manner along the sidewalk when the accident occurred, and did not see the wire until after she was thrown to the sidewalk. The sidewalk in question had for a long time been the main traveled thoroughfare for pedestrians living south of the O. S. L. railway track. Other streets in that vicinity had no crossing over the railroad track, and as this street had a crossing, it was generally used by the people in that vicinity. The evidence shows that the pole and wire had been in the same position for several months before the accident occurred. As a result of the accident, plaintiff suffered intensely for a number of months. She was seven weeks in bed and it was nearly two years before she could walk without crutches. The evidence shows she suffered a great deal of pain and at the time of the trial was unable to take a step with her left foot. Prior to the injury she was a healthy woman. At the time of the accident she was about fifty-six years of age, with an expectancy of life of sixteen years. As a result of the injury her left leg is three-quarters of an inch shorter than the right.

The cause was tried to the court with a jury and the jury rendered a verdict in favor of the plaintiff for $3,000, and judgment was entered for that amount on said verdict. The appeal is from the judgment.

1. Several errors are assigned as to the rejection and admission of evidence. We have examined those assigned errors and are fully satisfied that the court did not err in the admission or rejection of such evidence.

2. The denial of the appellant's motion for a nonsuit is assigned as error. A motion for a nonsuit was interposed at the close of plaintiff's testimony and denied. Thereafter at the close of all the testimony in the case the motion was renewed and denied. Upon a careful examination of the

matter we find that the court did not err in denying said motions.

3. It appears that counsel for plaintiff stated during his argument that Boise City would have a remedy against the Rocky Mountain Bell Telephone Company to recover any judgment that might be rendered against it in this case, and was thereupon interrupted by counsel for defendant who requested the court to instruct the jury that such remarks should not be considered by them in the case, and the court thereupon said: "The jury is instructed in response to counsel's request that the only question for them to consider in this case is the liability of the defendant, Boise City, to the plaintiff and not the liability as between Boise City and the Bell Telephone Company or any other parties not mentioned in this record." So far as the record is concerned, that closed the incident. It appears from the record that the question was mooted, at least, as to whether the Bell Telephone Company was the responsible party. Instruction No. 7 given by the court is as follows: "The jury is instructed that the fact as admitted in the answer of the defendant that the pole and wire causing the injury in this case belonging to the Rocky Mountain Bell Company, did not in any way relieve the defendant from its duty to keep the said pole and wire from causing an unreasonable obstruction to the pedestrians using ordinary care in walking on the board walk in question in this case. If the city was negligent, as set forth in these instructions, then it is no defense for it to say that the Rocky Mountain Bell Telephone Company was also negligent." This instruction indicates that said matter had been considered by the court, and we are fully satisfied from the whole record that the appellant was not prejudiced by said statement made by counsel.

It was contended by counsel for respondent that the rule laid down by this court in *Goldstone v. Rustemeyer*, 21 Ida. 703, 123 Pac. 635, is not supported by the weight of authority. However, this court has approved the rule there laid down in *Petajaniemi v. Washington Water Power Co., ante,*

p. 20, 124 Pac. 783, and in referring to the argument of counsel made to a jury, this court there said:

"We have examined it [argument of counsel] with care and must say that it was of such a nature as could not well be approved by any court and was calculated to prejudice the jury rather than to furnish them any aid in the way of fact or argument upon which to base a verdict. If there was any doubt as to the justice of the verdict in this case, the court would be justified in reversing the judgment on account of the prejudicial statements and arguments made by counsel for respondent"; and cited with approval *Goldstone v. Ruste-meyer, supra.* This court has no inclination to depart from the rule laid down in the Rustemeyer case. Counsel must keep themselves within reasonable bounds in making their arguments to the jury, and not make statements outside of the record with the clear purpose of prejudicing the jury.

4. It is also contended that there is no evidence showing or tending to show that Boise City had no notice, actual or constructive, of the condition of said pole and wire lying along the sidewalk. There is nothing in this contention, as it appears from the evidence that said pole with the wire attached had been lying by the sidewalk for two or three months at least. It is the duty of the city officers to be vigilant in keeping its streets and sidewalks in repair so that the traveling public will not be injured by defects therein. In the note to the case of *Elam v. Mt. Sterling,* 20 L. R. A., N. S., on p. 725, it is stated:

"The city should exercise reasonable care to discover defects and obstructions in its streets and sidewalks, and the performance of this duty requires their inspection, and the existence of such a defect or obstruction for a long time warrants the conclusion of actual knowledge thereof."

And whether the city had constructive knowledge is a question for the jury. Boise City was given power over its streets and sidewalks and highways by its charter. It appears that the legislature had been very liberal in granting powers to Boise City under its special charter, which was in force at the time this accident occurred. And whenever a

state gives a power to a municipality to manage and regulate its streets and sidewalks, then the city must assume the responsibility for the careful management thereof. The privilege so granted calls for a corresponding obligation on the part of the city, and the power so granted is not free from any conditions, for it is coupled with the implied obligation that ordinary care will be exercised in its use. The supreme court of this state has held that cities under the general law and incorporated under the general laws of Idaho (which general laws give far less privileges to those cities than are given to Boise City under its special charter) are responsible for negligence in caring for their sidewalks. In the case of *Carson v. City of Genesee,* 9 Ida. 244, 108 Am. St. 127, 74 Pac. 862, this court held that cities and villages incorporated under general laws of the state are liable in damages for negligent discharge of the duty of keeping such streets and alleys in a reasonably safe condition for use by travelers in the usual modes, and that such liability exists in the absence of a specific statute imposing it; that such liability results from the exclusive control granted over the streets and the duty imposed to keep them in repair, and the power granted to raise adequate revenue therefor. That case seems to be a leading case, and the note thereto in 108 Am. St. 127, covers thirty-eight pages and is very exhaustive. This court said in the Carson case that:

"In such communities the travel both by day and night is so much greater in comparison with the travel over the country at large that the maintenance of good and safe thoroughfares for the protection of life and property becomes an urgent necessity, and such corporations should be held liable for a negligent discharge of that duty. The application of this principle should prove a spur to the officials of such corporations to keep the streets and sidewalks in a safe condition for the uses to which they are dedicated. Its denial would be to defeat the plainest justice in many instances."

City officials must understand that if they neglect to keep the streets and alleys in proper repair and injury results from such negligence, the city is liable for the damages, and

the officer who neglects his duty in making proper inspection of the streets and sidewalks, by reason whereof personal injury results, is liable to the city. As bearing upon this question, see the following Idaho cases: *Moreton v. Village of St. Anthony,* 9 Ida. 532, 75 Pac. 262; *Village of Sandpoint v. Doyle,* 11 Ida. 642, 83 Pac. 598, 4 L. R. A., N. S., 810; *Eaton v. City of Weiser,* 12 Ida. 544, 118 Am. St. 225, 86 Pac. 541; *Miller v. Village of Mullan,* 17 Ida. 28, 104 Pac. 660.

Although the city did not place said telephone pole and wire by said sidewalk, the city nevertheless is primarily liable, notwithstanding the negligence of a third party in placing said pole by the sidewalk. It is the primary and absolute duty of the city to keep its streets and alleys reasonably safe, and that duty extends to all obstructions placed therein, no matter. by whom. The primary fault and liability may be that of an abutting owner or a police officer or of a stranger, yet the city will be liable. (5 Thompson on Negligence, sec. 6170.)

5. The refusal of the court to instruct the jury to return a verdict for the defendant is assigned as error. That contention is without merit. The court did not err in refusing to give such instruction.

We have considered the other errors assigned but shall not refer to them in detail here. It is sufficient to say that we find no reversible error in the record and the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Stewart, C. J., and Ailshie, J., concur.