(No. 6707.   June 1, 1940.)

V. A. STEWART and JENNIE STEWART, Husband and Wife, Appellants, v. THE CITY OF IDAHO FALLS, Respondent.

[103 Pac. (2d) 697.]

472

Otto E. McCutcheon and Anderson, Bowen & Anderson, for Appellants.

474

Ralph L. Albaugh and Chase A. Clark, for Respondent.

GIVENS, J.—Appellants sued respondent for damages on account of the following accident:

October 24, 1935, at about 3 P. M., appellant Jennie Stewart, accompanied by her daughter, left her home at 220 Sixth Street in Idaho Falls, proceeding down Sixth Street onto Ridge Avenue. Approximately midway between Cedar and Ash Streets she struck her foot on a portion of the sidewalk that had been raised about three inches above the level of the sidewalk by roots of trees growing along the walk. The force of the fall threw her on her side, her right shoulder and head striking the pavement. She was taken to a hospital where it was found her arm was broken and her shoulder and

head painfully bruised. An airplane splint was put on her arm but two weeks later, because she complained of severe pain, it was removed and a different type of dressing applied. The arm was disabled for some six months and during that time appellant was unable to lie down, resting only in a sitting position. The undisputed testimony of the attending physician is that function in the injured arm is permanently impaired fifty per cent from normal.

The only conflict in the evidence is as to whether or not leaves had fallen on the sidewalk and partially or totally obscured or covered up the defect.

Appellant's principal assignment of error is the claimed prejudicial argument of counsel for respondent, shown in part by the reporter's transcript as follows:

"Mr. ANDERSON: We object to counsel being permitted to say here that the tax payers shouldn't be required to pay in this case regardless,—

"Mr. ALBAUGH: —I didn't say anything about this case, and I haven't finished my sentence. I am arguing to the jury.

"Mr. ANDERSON: And I am interrupting you, too. We object to any argument here that these people shouldn't recover the damages they have coming because it may be paid by the tax payers, as improper, and misconduct on the part of counsel.

"Mr. ALBAUGH: If your Honor please, may I continue with my argument?

"The COURT: Yes; go ahead, Mr. Albaugh. Don't develop your present thought though.

"Mr. ALBAUGH: I want to develop the thought, your Honor, to this extent, that we haven't yet come to the point in this country where the tax payers of a county, a city, or any municipal corporation must carry people around on little pillows to prevent them from having an accident.

"Mr. ANDERSON: We object to any reference to the tax payers, or the burdens of tax payers.

"The COURT: You may proceed, Mr. Albaugh.

.  .  .  .  .  .  .  .  .  .  .  .

"Mr. ANDERSON: I object to counsel arguing to the jury they should decide against the plaintiffs because she is repre-

sented by attorneys from Pocatello, and repeating that we are ashamed of it, that we are from Pocatello, as misconduct.

"Mr. ALBAUGH: Then why object, if you don't want to admit it?

"Mr. ANDERSON: Now, Mr. Albaugh, I will take care of you later, plenty, and don't think I won't brother.

"The COURT: Now, Mr. Anderson,—

"Mr. ANDERSON: I never heard such cheap petti-fogging.

"The COURT: It will be counsel who will talk to me in Chambers, all of you, if you don't address the jury and quit talking back and forth. Proceed, Mr. Albaugh, and never mind where counsel comes from, either."

And by affidavit of one of attorneys for appellant filed after verdict in support of the motion for a new trial:

"Otto E. McCutcheon, being duly sworn, deposes and says:

"That he is one of the attorneys for the plaintiffs in the above entitled action, and that the attorneys for the defendant in this action were guilty of misconduct in the following particulars; That R. L. Albaugh, Esq., argued to the jury in effect that they should find for the defendant because the plaintiffs were represented by Anderson, Bowen & Anderson from Pocatello; that Chase A. Clark, Esq., Mayor of the City of Idaho Falls, and said Albaugh, argued to the jury that to allow a recovery in this case would rob the city treasury, and the taxpayers of said City would suffer loss on account of a judgment against said City, when the fact was that the City was and is protected against liability and loss on account of the injury to plaintiff, Jennie Stewart, by an adequate liability insurance policy which was in full force and effect as of the date of said accident, all of which the said counsel for said City well knew at the time of said arguments; and that to find for the plaintiffs in this case would set a precedent from which counties, irrigation districts, and other municipal subdivisions would be sued, and the courts would be flooded with actions against municipal corporations, and that it would become a racket; and that the attorneys would finance the actions and the parties plaintiff would not be out anything, and that they would trump up claims against the cities, counties and other municipal subdivisions, and that the suits would be brought against the City if the water that was then

dripping, there being a slight thaw, should run out across the sidewalks and make them slick; that the courts would just be loaded down with suits against cities, counties, and municipal sub-divisions; that if the jury allowed a recovery in this case, the bars would be thrown down to all sorts of actions against cities, counties, and municipal subdivisions.''

Respondent filed a counter affidavit by the city clerk:

''Lee Walker, being first duly sworn, deposes and says: that he is the duly elected, qualified and acting City Clerk of the City of Idaho Falls, the above named defendant; that he was present during the trial of the above-entitled action and heard all of the arguments made to the jury by each of the attorneys in the trial of this action; that Attorney Ralph L. Albaugh did not, either in form, substance or effect, argue to the jury that they should find for the defendant because the plaintiffs were represented by Attorneys Anderson, Bowen and Anderson of Pocatello, Idaho; that the plaintiffs were represented by Attorney Otto E. McCutcheon, of Idaho Falls, Idaho, who was present throughout the trial, and by Attorneys Mr. Bowen and Mr. Anderson of Pocatello, Idaho, who were present throughout the trial; that Mr. Albaugh did not, at any time, make any disparaging remarks of, or concerning the two attorneys from Pocatello, Mr. Bowen and Mr. Anderson, or either of them; that it is the belief and understanding of this affiant that when Mr. Albaugh referred to the two attorneys from Pocatello, it was only for the purpose of distinguishing them from their associate, Mr. McCutcheon who lives in Idaho Falls.

''That affiant has in his custody and control all of the insurance policies carried by the City of Idaho Falls, and knows of his own knowledge that the City of Idaho Falls does not have, and did not have, an adequate liability insurance policy protecting the City from plaintiff's claim, and in truth and in fact, the insurance carried by the City of Idaho Falls amounted to, and protected the City for less than twenty per cent of the amount of plaintiffs' claim all of which plaintiffs and their counsel well knew, or should have known, by an investigation of the public records of the City of Idaho Falls.

"Affiant further says that each and all of the attorneys for plaintiffs were present in the court-room throughout the argument to the jury made by Attorney Chase A. Clark, but said attorneys for the plaintiffs, or either of them, did not in any manner, object to any of the statements made by Mr. Clark, or take any exception thereto; that the statements alleged in the affidavit of Otto E. McCutcheon to have been made by Mr. Clark are not correct, and are not, either in form or substance as made by Mr. Clark, but are colored, distorted and exaggerated; that no record was made by the court reporter, or any other person to affiant's knowledge of Mr. Clark's argument to the jury and it is impossible for this affiant to accurately set forth Mr. Clark's argument to the jury."

The counter-affidavit does not deny as stated in Mr. McCutcheon's affidavit, attorneys for respondent made the remarks with reference to setting a precedent from which "counties, irrigation districts, and other municipal subdivisions would be sued, and the courts would be flooded with actions against municipal corporations, and that it would become a racket; and that the attorneys would finance the actions and the parties plaintiff would not be out anything, and that they would trump up claims against cities, counties and other municipal subdivisions," etc.

Respondent urges appellants waived, or at least have not preserved, presentable error by failure to timely interpose objections and exceptions and that there was no adverse ruling of the court objected to and preserved in the record. Appellants excuse failure to make a further record because of trepidation over the court's remark allegedly threatening counsel with disciplinary action. The remark of the court bears no such construction and was justifiable as quelling remarks of counsel to each other.

Apparently the extended argument of Mr. Albaugh, and all of Mayor Clark's are shown in the record only by Mr. McCutcheon's affidavit. Objection was made at the time to only part of Mr. Albaugh's argument and the court did not sustain the objection. To properly preserve and present to this court claimed errors of this nature, timely and proper objection should be made, first so the trial court may have

an opportunity to prevent or if possible eradicate such error by admonition or instruction, and second, that there be adverse ruling or action by the trial court for review by this court. (*Palcher v. Oregon Short Line R. R. Co.*, 31 Ida. 93, 169 Pac. 289.)

This court has, however, declared that:

"Counsel cannot deliberately go outside the evidence and attempt to incite the passions or prejudice of the jury and have such conduct cured by an instruction to the jury at the close of the trial, to the effect that they must not consider such remarks, and where a judgment is obtained by such conduct a new trial must be granted, unless it affirmatively appears that the judgment was right and would have been the same in the absence of such unauthorized argument." (*Goldstone v. Rustemeyer*, 21 Ida. 703, 708, 123 Pac. 635; *Petajaniemi v. Washington Water Power Co.*, 22 Ida. 20, 124 Pac. 783; *Powers v. Boise City*, 22 Ida. 286, 125 Pac. 194; *Bates v. Price*, 30 Ida. 521, 527, 166 Pac. 261.) The rule has thus been obversely stated:

" 'This court has many times had before it this identical question, and has proclaimed the rule that judgments will not be reversed by reason of misconduct of counsel at the trial, unless the appellate court is of the opinion that such misconduct had prevailing influence upon the jury to the detriment of appellant.' " (*Lightner v. Russell & Pugh Lumber Co.*, 52 Ida. 616, 625, 17 Pac. (2d) 349.)

Herein when Mr. Anderson objected to "any reference to the burdens of tax payers" the court ruled counsel for respondent might proceed and the only restriction imposed by the court was "not to mind where counsel came from." Thus we have an objection to reference to the burdens on tax payers and in effect such objection was overruled and not sustained. Such ruling is deemed excepted to. (Sec. 7–502, I. C. A.)

While the claimed improper argument of Mayor Clark and the balance of Mr. Albaugh's argument should have been timely objected to and presented in the reporter's transcript, enough is before us to call for a ruling on the argument of counsel, which were not idle remarks but studied and deliberate (*Watkins v. Mountain Home Co-op. Irr. Co.*, 33 Ida. 623, 637, 197 Pac. 247), and there is a positive showing of

some objection. (*Rasicot v. Royal Neighbors of America,* 18 Ida. 85, 102, 108 Pac. 1048, 138 Am. St. 180, 29 L. R. A., N. S., 433.)

While the degree of care to be exercised by respondent in the construction and maintenance of its streets was a material issue (*Powers v. Boise City, supra,* at 293) and of course the expense thereof is borne by the taxpayers, such has no bearing on the question of negligence. The arguments were no doubt calculated to and evidently did influence the jury adversely to appellants' claim of negligence and appellants' objection should have been sustained. The decisive factor is whether there was prejudice. (*Theriault v. California Ins. Co.,* 27 Ida. 476, 149 Pac. 719, Ann. Cas. 1917D, 818.) No instructions or admonitions were given herein in any way curing or alleviating the effect or erroneous character and influence of the remarks as in *Powers v. Boise City, supra; Watkins v. Mountain Home Co-op. Irr. Co., supra; Towne v. Northwestern Mutual Life Ins. Co.,* 58 Ida. 83, 86, 70 Pac. (2d) 364; *Kerby v. Oregon Short Line R. R. Co.,* 45 Ida. 636, 264 Pac. 377; *Lightner v. Russell & Pugh Lumber Co., supra.*)

In view of the undisputed nature and degree of the defect in the sidewalk, the extent of plaintiff's injuries and taking into consideration that the only factual defense was contributory negligence and that such defect as existed at the scene of the accident was quite universal in the city and thereby or intrinsically, was not a negligent defect, such argument was prejudicial and requires a reversal. (*McLean v. Hayden Creek Min. etc. Co.,* 25 Ida. 416, 138 Pac. 331.)

Respondent was permitted, over the objection of appellants, to cross-examine appellant as to her knowledge of trees growing along the walks throughout the city and as to her knowledge of similar defects in other places in the city. The purpose of such cross-examination is not clearly stated. Appellant's knowledge of the causal defects could not be shown by her knowledge of other defects unconnected with the one causing the injury. (43 C. J. 1256, sec. 2021; 43 C. J. 1263, sec. 2027.) But knowledge that the kind of defect causing her fall was commonly found wherever poplar or cottonwood trees grew along the walk might have a legitimate bearing on

the measure of due care and thus on the question of contributory negligence. (*Heiss v. Lancaster,* 203 Pa. 260, 52 Atl. 201; *Burton v. Kansas City,* 181 Mo. App. 427, 168 S. W. 889; White, Negligence of Municipal Corporations, 988, sec. 824; 7 McQuillin, Municipal Corporations, 262, sec. 3011.) The cross-examination complained of was therefore not beyond proper limits.

█ The question of contributory negligence was properly left to the jury. (*Williamson v. Neitzel,* 45 Ida. 39, 260 Pac. 689; *Bryant v. Hill,* 45 Ida. 662, 264 Pac. 869.)

Judgment reversed and cause remanded for a new trial.

Costs to appellants.

Budge, Morgan and Holden, JJ., concur.

AILSHIE, C. J. (Dissenting in Part and Concurring in Conclusion).—I think I am correct in saying that it has been the uniform practice of this court to refuse consideration of objections to statements and argument of counsel before a jury unless they are called to the attention of the trial court at the time, and the record and objection made, so that the matter could be correctly presented to this court on appeal. (*State v. Keyser,* 38 Ida. 57, 60, 219 Pac. 775; *State v. Frank,* 51 Ida. 21, 27, 1 Pac. (2d) 181; *State v. Neil,* 58 Ida. 359, 367, 74 Pac. (2d) 586; *State v. Miller,* 60 Ida. 79, 82, 88 Pac. (2d) 526.)

So far as I am aware, the question has been presented only once in this court (*Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635), by affidavit made on motion for new trial; and in that case it does not appear from the opinion that the question, as to the *manner* of presenting the issue, was raised or considered by the court. The reasons for requiring the matter to be raised and presented to the trial court are numerous and sound. A reporter is in attendance on the court and is usually in the courtroom; in the present case he was apparently present and part, at least, of the controversy was taken by him.

Where the objection is made *at the time,* it is much easier to make an accurate record of what was actually said and

done than to defer it for weeks or months and then attempt to present it on *ex parte* affidavits. Furthermore, if a real prejudicial statement is made and objection is taken at the time, the court has an opportunity to correct the error, either by instructions to the jury, or, if of a sufficiently serious character, to declare a mistrial and impanel a new jury. The court may also, at the same time, deal with the offending counsel as for contempt of court. Statements made by opposing counsel in the heat of the trial or on argument to the jury sound much worse and appear of greater importance to opposing counsel than to almost anybody else; and if the matter is allowed to go without making a record of it, and offending counsel wins the case, the offense is likely to be greatly magnified in the mind of defeated counsel when he comes to make affidavit on motion for new trial; so that it is seldom possible to make a correct record after the trial is closed, as to what occurred on one of these verbal encounters.

The difficulty of the situation is illustrated by the affidavit of counsel in this case. Counsel does not attempt to make a *verbatim* and categorical statement of what occurred. On the contrary, the affidavit, after saying that affiant was duly sworn, recites:

"That he is one of the attorneys for the plaintiffs in the above entitled action, and that the attorneys for the defendant in this action were guilty of misconduct in the following particulars; That R. L. Albaugh, Esq., *argued* to the jury *in effect* that they should," etc.

So it follows that the one who makes the affidavit, as to the misconduct, must necessarily state *his own conclusions* as to the "effect" of what was said. If the statement or conduct of counsel is of such a grave and serious nature as to prejudice the rights of his adversary, the adversary is aware of it at the time it occurs; and *that* is the time and *there* is the place for making the objection and settling the record as to *what actually occurred*. I am satisfied that this court should not establish the practice of hearing such objections upon affidavit made after the close of the trial.

Now, taking up the occurrences and objections that actually appear in the record before us, I find nothing stated by Mr. Albaugh that could possibly have prejudiced a reasonable,

ordinary jury against the plaintiff. In fact, most of the statements contained in the reporter's transcript, as made at the time of the trial, are statements and objections made by opposing counsel. The only statements the record shows as having been made by Mr. Albaugh are as follows:

"I want to develop the thought, your Honor, to this extent, that we haven't yet come to the point in this country where the tax payers of a county, a city, or any municipal corporation must carry people around on little pillows to prevent them from having an accident."

The statements made are obvious facts and while they had no particular bearing or application to the case under consideration, it is difficult to see just how or wherein they would prejudice a jury of sane, representative citizens.

As was well observed by the late Justice William A. Lee, in *Watkins v. Mountain Home Co-op. Irr. Co.*, 33 Ida. 623, 638, 197 Pac. 247:

"Something must be presumed for the intelligence and fairness of the jurymen, and that they will not ordinarily be influenced into rendering a verdict contrary to the instructions of the court and the evidence, by every idle or improper remark that may be made during the progress of a trial."

This observation was quoted with approval by Justice Budge in *Towne v. Northwestern Mut. Life Ins. Co.*, 58 Ida. 83, at page 88, 70 Pac. (2d) 364.

We must assume that the jury was composed of men of average intelligence; and a man would have to be extremely obtuse not to know that demands against "counties, cities or other municipal corporations" must in the end be paid by the "taxpayers," so that it is difficult to discover just what is prejudicial about such a statement.

I fail to see how or wherein it was prejudicial to refer to counsel for appellant as "attorneys from Pocatello."

I may well add here and now that I still entertain the same views, in relation to the duties and obligations of attorneys in their conduct in the trial of cases and discussions before juries, that I expressed in my concurring opinion in *McLean v. Hayden Creek Min. etc. Co.*, 25 Ida. 416, at p. 432, 138 Pac. 331. The case at bar does not even approach the point of error disclosed in that case. I do not think prejudicial error

is shown in this case in the matter of the conduct of counsel.

I concur in a reversal of the judgment but I do so on entirely different grounds from those on which the majority opinion is rested.

Petition for rehearing denied.