CHANDLER, Respondent, vs. HINDS, Appellant.

*February 18—March 10, 1908.*

*Landlord and tenant: Surrender: Exclusion of evidence: Harmless error: Refusal to accept verdict.*

1. In an action for rent, defended on the ground of surrender and acceptance of the premises, the facts that the lessee left the key at the lessor's house, that the lessor did not return it, that the lessor while the house was unoccupied, for the purpose of ascertaining whether it had been affected by the weather, in-

spected it, and permitted another to do so to determine its fitness for occupancy, are not inconsistent with the claim that the lessor considered the lease as still in force.

2. Where in an action to recover rent for the remainder of a lease the defense was a surrender and acceptance of the premises, and all the facts to establish such defense were fully before the court, the rejection of a letter from defendant to plaintiff setting forth the same reasons for the surrender as had been previously communicated was *held* not to be prejudicial error, as all the facts were insufficient to establish the defense, even if plaintiff had been in possession of the letter.

3. Where there is no dispute on the evidence as to the amount plaintiff is entitled to recover, if at all, and the jury has been properly instructed, it is not error for the court to decline to receive a verdict for half the amount and to direct the jury to consider the case further.

APPEAL from a judgment of the municipal court of Racine county: WM. SMIEDING, JR., Judge. *Affirmed.*

Plaintiff and defendant had entered into a lease in writing of a dwelling house from July 1, 1903, to May 1, 1905, at the rate of $35 per month, with the privilege of a year's extension. Plaintiff as lessor agreed to do all necessary repairing. Defendant continued in possession until some time in October, 1905, and paid rent up to November 1, 1905. This is an action to recover the amount of the rent from November 1, 1905, to May 1, 1906. The evidence on the trial showed that the defendant had complained to the plaintiff that the heating apparatus was defective. He claimed that the furnace door was broken, that the pipes for conducting the hot air were rusted through and full of holes, and that the registers had openings around them through which the cold air rose up. The complaint also covered alleged defects in a chimney. The plaintiff testified that he had remedied the defective chimney, and that he had inspected the heating plant and did not find it defective or in need of repairs. Defendant alleged two defenses to the action: Surrender to and acceptance of the premises by the plaintiff, and nonliability

because he was forced to vacate the premises on account of their untenantable condition. Defendant testified that on October 6, 1905, he had sent to plaintiff a check for the rent for the month of October, 1905, the key to the house, and a letter notifying plaintiff that he had vacated the premises because of the failure of the plaintiff to repair, thereby making it dangerous to the health of himself and family to remain in the house. Defendant testified that he left this letter containing the check at the home of the plaintiff and that he had handed it to plaintiff's daughter. Plaintiff denied ever having received the letter, and testified that he had not seen the check, but that it had been received by his wife and the proceeds collected. There was no evidence that the letter came into plaintiff's hands. The court refused to receive it in evidence. The case was submitted to the jury, and they reported to the court that they had arrived at a verdict for plaintiff and assessed his damages at $105, this being one half of the amount claimed. The court refused to receive this verdict, on the ground that it was not in accordance with the instructions given them, and again instructed them as before, and ordered them to further deliberate on the case under the instructions. The jury returned a second time to the court and stated that they had been unable to agree. The court then instructed them that he felt it his duty to request them to again retire and to attempt to agree upon a verdict, stating: "While no juryman should be asked to sacrifice his honest opinions, you should by a comparison of views seek to arrive at a common understanding." When the jury again returned they reported a verdict for plaintiff, assessing his damages at the sum of $210. This is an appeal from the judgment entered upon the verdict as so found.

For the appellant there was a brief by *Simmons, Nelson & Walker,* and oral argument by *John B. Simmons.*

*A. Cary Judd,* for the respondent.

SIEBECKER, J.    The defendant contends that the court committed prejudicial error in refusing to receive in evidence his letter to the plaintiff notifying plaintiff that he was compelled to vacate the premises on account of their untenantable condition and surrender them to plaintiff. If it be assumed that the letter was competent and material evidence under the circumstances disclosed, its rejection did not operate to the prejudice of defendant. Defendant alleges that plaintiff had been informed by him, prior to the sending of this letter in October, of defendant's claim that the premises were in an untenantable condition and that if this condition was not remedied he would be compelled to vacate them on this account. In the letter he claims to have specifically informed plaintiff of the fact that he was forced to abandon the premises for this reason and thereby tendered them to the plaintiff. The plaintiff denied that the premises were untenantable and averred that he at no time accepted defendant's alleged surrender of the premises. An examination of the evidence discloses that the proof fails to support defendant's claim that his attempted surrender of the lease was accepted. The facts that the defendant left the key at plaintiff's house, that plaintiff did not return it to defendant, that plaintiff while the house was unoccupied, for the purpose of ascertaining whether the plumbing and other parts had been affected by the weather, went into it to inspect it, and that he permitted a person to inspect it with a view to determining its fitness for occupancy, are all readily explicable as in harmony with plaintiff's claim that he considered the lease in force and that the premises were at defendant's disposal to secure a subtenant if he desired. The facts and circumstances relied on by the defendant to show an actual surrender and acceptance of the premises and a consequent cancellation of the lease are wholly insufficient to support the claim. It is apparent that all of the evidence tending to show such surrender and cancellation was before the court and is in-

sufficient to establish the claim of an acceptance, even if plaintiff had actually been in possession of defendant's letter, as he asserts. Under these circumstances an erroneous exclusion of the letter as evidence could not operate to defendant's prejudice.

The further contention is made that the court erred in its refusal to receive the jury's verdict of $105 in plaintiff's favor and in directing them to reconsider the case. There was no dispute under the evidence that, if plaintiff was entitled to recover, the unpaid amount due on the lease was $210. Under this state of the proof it was proper for the court to decline the verdict for plaintiff for only one half of this amount and to direct the jury to further consider the case. The court did not attempt to direct the jury how to resolve the main issue between the parties. The effect of its instructions was that, if they found plaintiff entitled to recover, then the verdict should be the amount due for the unexpired term under the lease. The verdict first returned was plainly contrary to the instructions on the question of the amount of damages as fixed by the undisputed facts on this point, and the court had good ground for bringing it to the attention of the jury and giving them opportunity to correct their verdict, if they found for the plaintiff on the main issue. *State ex rel. White Oak Springs v. Clementson,* 69 Wis. 628, 35 N. W. 56.

We find no reversible error in the record.

*By the Court.*—Judgment affirmed.