[No. 7277.  Decided July 16, 1908.]

DORA HERBERT, *Respondent*, v. CLARENCE DAYTON HILLMAN, *Appellant.*[1]

TRIAL—PROVINCE OF JURY—CREDIBILITY AND WEIGHT OF EVIDENCE. It is the province of the jury to pass upon the credibility of the witnesses and the weight of the evidence.

VENDOR AND PURCHASER—CONTRACT FOR SALE—BREACH BY VENDOR —MEASURE OF DAMAGES—INSTRUCTIONS. The measure of damages for the breach of a contract to convey land, where the vendor subsequently sold the same to another, is the amount paid by plaintiff and the increase in value above the purchase price at the time of the breach; and an instruction fixing the damages at the difference between the amount agreed to be paid and the market value at the time of the breach, less the unpaid amount due on the price, is error, requiring a new trial, even if disregarded by the jury.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 25, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for the breach of a contract to convey land. Reversed.

*Frederick R. Burch, John A. Saboe,* and *Oliver Hulback,* for appellant.

*Frank C. Park,* for respondent.

HADLEY, C. J.—The plaintiff entered into a written contract with the defendant to purchase of the latter two lots in Hillman's Meadow Gardens addition to the city of Seattle. The agreed price was $250. The plaintiff paid $25 in cash when the contract was executed, and the remainder was to be paid in deferred payments of $5 per month. After several payments were made, the defendant sold and conveyed the land to an innocent third person. Payments were also received by defendant from plaintiff after the conveyance to the third party. Upon discovering that the lots had been deeded to another, the plaintiff brought this suit for damages. She

[1] Reported in 96 Pac. 837.

alleged that she had paid $90 upon the purchase price and that the property had increased in value from $250 to $500. She demanded damages in the sum of $340. The cause was tried before a jury, and a verdict was returned for plaintiff in the sum of $340. Judgment was entered for that amount and the defendant has appealed.

It is assigned that it was error to deny the motion for new trial, and it is argued that the evidence is insufficient to justify the amount of the verdict. The testimony conflicts as to the increased value of the property, but there is evidence in the record of a sufficient increase to sustain the amount of the verdict. The value at the time of the breach was placed as high as $500. It is true appellant's witnesses placed a much lower valuation upon the property, but it was the province of the jury to pass upon the credibility of the witnesses and the weight of the testimony. It was therefore not error for the trial court to refuse to set aside the verdict merely upon the ground of insufficient testimony.

It is, however, contended that the court erred in giving the following instruction upon the measure of damages:

"If you find for the plaintiff on the other issues in the case, it will be necessary for you to assess the damages, and the damages are just what in law will legally compensate her for breach of the contract by the defendant. The measure of damage is the difference between the amount agreed to be paid by the plaintiff and the market value of the property at the time of the breach of contract by the defendant less the unpaid purchase amount due on the purchase price; and if you find for the plaintiff, it may be necessary for you to determine whether or not, at the time of the breach of this contract, at the time Mrs. Herbert ascertained that Mr. Hillman could not perform the contract, what the market value was at that time, and if it was greater than the amount which Mrs. Herbert agreed to pay for the land, just that difference less the unpaid portion of the purchase price would constitute the damages."

We think the measure of damages stated in the instruction is erroneous. We believe that the proper amount for re-

covery includes the return of the $90 paid upon the purchase price, together with the increase in value above the purchase price at the time of the breach, if any. It is true the amount of the verdict may be sustained by the above rule under the evidence in the case. The increase in value having been placed as high as $250, if that sum should be added to $90, the amount paid upon the purchase price, it would make $340, the amount of the verdict. But under no interpretation of the instruction can we conclude that a recovery could be had for more than $90, having in view the evidence in the case. In the course of the instruction the court twice stated the rule as to the measure of damages, each statement differing from the other somewhat in words but leading to the same result. Taking the above figures as the basis of calculation, then under the instruction the jury should have taken the difference between the amount agreed to be paid—$250—and the market value at the time of the breach—$500. This is $250. The instruction then told the jury to deduct from the last-named sum the amount unpaid on the purchase money, which is $160. It will be seen that the result would have been $90. It may be said that the instruction was in favor of appellant, but it is manifest that, if the jury attempted to follow the instruction, it became confused and was misled. We therefore think the only proper course is to reverse the judgment and grant a new trial, in order that the measure of damages as we have indicated may be stated to the jury. It is possible that some mistake occurred in transcribing this instruction, which was orally given, but we must take it as we find it in the record.

The judgment is therefore reversed, and the cause remanded with instructions to grant a new trial.

RUDKIN, FULLERTON, and CROW, JJ., concur.

MOUNT and ROOT, JJ., took no part.