Brownell Machinery Company, Appellee, v. Aza O. Walworth, trading as A. O. Walworth & Company, Appellant.

Gen. No. 20,351.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1914.   Reversed and remanded.   Opinion filed April 22, 1915.

## Statement of the Case.

Action by Brownell Machinery Company, a corporation, against Aza O. Walworth, trading as A. O. Walworth & Company, in the Municipal Court of Chicago for the sum of $2,097.69 for certain machinery sold by the plaintiff to the defendant.

The case was tried before a court and jury, and sometime during the morning of November 13, 1911, the jury retired to consider their verdict.   Thereafter, about noontime of the same day, the jury returned into court, "and announced that they had reached a verdict, which verdict was handed to the clerk, opened, and read in open court as follows: 'We the jury find the issues for the plaintiff and assess its damages at $581.62,' which verdict was received by the court.   The jury then retired and was allowed to separate for lunch and was directed to return at 2 P. M.   The clerk made a memorandum of said verdict upon the half-sheet and minute book."   At two o'clock on the afternoon of the same day, the jurors, who had tried the case, were called back into the box by the court and the following occurred:

"The court: Gentlemen of the jury, in this case I dislike very much to be compelled to take this course, but I see no other way.   We have been a day and a half trying the case, and the verdict could not stand.

This is your first day, and perhaps you haven't yet learned that certain verdicts can't stand. Unless the verdict is responsive to both the law and the facts, it can't stand; and it is the duty of the judge to set it aside. Of course, many verdicts are set aside. Some jurors sometimes think that their verdicts are final; they are not at all. The court has the power to set it aside, and it is not only the power, but it is the duty of the court to set a verdict aside if it does not respond to the evidence and the law involved. This verdict does not. There is no possible ground or theory upon which a verdict for $581 could be sustained in this case. Either it must be a verdict for the whole amount, or a verdict for no amount whatever.

The parties in litigation in any trial may compromise their own cases; that is up to them. Neither the judge nor the jury has the right to compromise the parties' cases. We may find simply for one party or another, but it is none of our business, this matter of compromising cases. We can't compromise their cases for them; they can compromise their own cases. You have the right to find the rights of the parties in cases, and then it is up to them to compromise, if they choose. We can't compromise, and I am not criticising you because perhaps in this case you sought to compromise between the parties; but such verdicts are set aside one right after the other.

Now, in this case, either this plaintiff is entitled to recover the full amount or it is not entitled to recover anything at all. I said to counsel here, there might be possibly a question here as to the right of the plaintiff to recover for the services of a watchman during the time when this machinery was in this building; that was the only question in the case. The question, however, was not controverted upon the trial, and therefore nothing was said about it. I have therefore stricken from the claim of the plaintiff, of $1,365.29, the amount charged for watchman, $132, leaving a balance of $1,233.29.

Mr. McCormick: Let the record show that the plaintiff consents to striking out that amount.

The Court: And I will therefore direct you to sign a verdict for that amount. This amounts then, gentlemen, simply to this, that the court directs the verdict; and that being so, it is a question then for the defendant; if the court has made an error, of course the defendant will take advantage of that error upon appeal. You may therefore sign this verdict for $1,233.29."

Thereupon the jury, acting under the instruction of the court, returned a verdict for the plaintiff for $1,233.29, and the clerk of the court, also acting under the orders of the court, erased from the half-sheet and minute book the memorandum of the verdict for $581.62. Proper objections were made and exceptions were preserved by the defendant to the aforesaid action of the court. A motion for a new trial was overruled; judgment in favor of the plaintiff for $1,233.29 was entered, and this appeal followed.

LIGHTHALL & BLAKE, for appellant.

BRYAN, McCORMICK & WILBER, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 260*—*when court cannot direct jury to return different verdict.* When the verdict of the jury has been· announced, received and recorded it is final, and the court has no power to recall the jury after they have been dismissed and direct a different verdict.

2. TRIAL, § 261*—*when jury may correct verdict.* Until a verdict is received and recorded it is not considered valid and final, and it lies in the power of the jury to alter, amend and correct the same, but not afterwards.

3. TRIAL, § 260*—*when court may correct verdict.* If a verdict returned by the jury is defective or informal, the court may send the jury back with directions as to how the verdict should be made up, or if the verdict is good, in substance, the court may after verdict, even at a subsequent term, if the case is still pending, amend the verdict as to matters of form but not as to matters of substance.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.