(June 28, 1917.)

## J. L. BATES, Respondent, v. D. W. PRICE, Appellant.

[166 Pac. 261.]

APPEAL FROM PROBATE TO DISTRICT COURT—FAILURE TO SERVE NOTICE OF APPEAL — WAIVER — JURISDICTION — MISCONDUCT OF COUNSEL— PREJUDICIAL REMARKS TO JURY — EVIDENCE — PARTNERSHIP — AS-SIGNMENT OF PARTNERSHIP ACCOUNTS — RECEIVERSHIP — SCOPE OF COURT ORDER—IRREGULAR VERDICT—CORRECTION OF.

1.    Where an appeal was taken from the probate court to the district court and notice of appeal was not served, but nevertheless the party opposing the appeal voluntarily appeared and asked leave to file an answer and proceeded to a trial of the cause without raising any objection to the jurisdiction of the court upon the ground of lack of notice, such procedure amounts to a waiver of the absence of notice of appeal, and the question cannot be raised for the first time on appeal to the supreme court.

2.    Statements of counsel to the jury which are not justified by anything in the record and are manifestly made for the purpose of inciting the passion or prejudice of the jury, constitute reversible error, unless it appears from the whole record that the jury could not lawfully have reached any other conclusion than they did.

3.    *Held,* that misconduct of counsel in this case in addressing prejudicial remarks to the jury did not constitute reversible error, since it appears from the record that the verdict of the jury was fully justified by the evidence adduced on the trial.

4.    A partner has full power to transact the whole business of the firm of which he is a partner, and may bind his partner or partners in such transactions as entirely as himself, and his assignment in good faith of accounts payable to the firm, to a creditor

of the firm in payment of partnership indebtedness, is binding upon the partnership.

5. An order of court appointing a receiver and defining his authority, which specifies the property to be taken possession of by such receiver, closing with the clause: "and all that goes with the livery business connected with the Charles L. Hollar barn," cannot be so construed as to include outstanding accounts or bills·receivable, in the absence of the specific inclusion of such accounts.

6. *Held*, that appellant had no authority as receiver to collect the accounts in question, and that when he accepted them for collection from respondent he did so in his private capacity, and was therefore liable to respondent for the amounts collected thereon.

7. When a jury brings in a verdict which by inadvertence expresses a conclusion manifestly at variance with the real intention of the jury, it is the duty of the court, upon ascertaining such mistake, to send the jury back in order that they may return a verdict in proper form.

8. *Held*, that the trial court committed no error in regard to the admission of evidence, the giving of certain instructions and refusal to give certain offered instructions, and in refusing to grant appellant a new trial.

[As to misconduct of counsel in argument to jury as cause for new trial, see note in 9 Am. St. 559.]

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action for money had and received. Judgment for plaintiff. *Affirmed.*

James A. Wayne, for Appellant.

The district court acquired no jurisdiction to grant to the plaintiff a trial *de novo,* and the lack of jurisdiction in the district court can be raised at any time, and was not waived by a failure to object to the jurisdiction of the court by demurrer or answer; neither was it waived by proceeding to trial without objection. (*Aram v. Edwards,* 9 Ida. 333, 74 Pac. 961.)

This court has had occasion to discuss the impropriety of remarks similar to those of counsel in this case, when made in

the course of a trial, and under these decisions the remarks of counsel in this case constitute reversible error. (*Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635; *Petajaniemi v. Washington Water Power Co.,* 22 Ida. 20–28, 124 Pac. 783; *Powers v. Boise City,* 22 Ida. 286, 125 Pac. 194; *McLean v. Hayden Creek Mining Co.,* 25 Ida. 416, 138 Pac. 331; *State v. Harness,* 10 Ida. 18, 76 Pac. 788; *State v. O'Neil,* 24 Ida. 582, 599, 135 Pac. 60.)

T. P. Wormward and Chas. E. Miller, for Respondent.

Alleged errors which were not, but could have been, called to the attention of the court below, will not be entertained, for the first time, on appeal to this court. (*Smith v. Sterling,* 1 Ida. 128; *Miller v. Donovan,* 11 Ida. 545, 83 Pac. 608; *Marysville M. Co. v. Home Fire Ins. Co.,* 21 Ida. 377, 121 Pac. 1026.)

In an ordinary trading partnership, either partner has an implied authority to pay debts from the assets of the firm, in the ordinary course of the business. ( M. A. L. 343; *Benchley v. Chapin,* 10 Cush. (64 Mass.) 173.)

A judgment cannot be reversed because of improper remarks of counsel in his argument to the jury, to which no exception was taken. (*Mississippi Cent. R. Co. v. Turnage,* 95 Miss. 854, 49 So. 840, 24 L. R. A., N. S., 253.)

To warrant a reversal for remarks of counsel in his argument to the jury, they must be prejudicial. (*Pigford v. Norfolk S. R. Co.,* 160 N. C. 93, 75 S. E. 860, 44 L. R. A., N. S., 865.)

Improper argument by counsel will not require a reversal if from the whole case it is evident that it did not prejudice the rights of the complaining party. (*Paducah B. & B. Co. v. Parker,* 143 Ky. 607, 136 S. W. 1012, 43 L. R. A., N. S., 179.)

BUDGE, C. J.—This action was originally instituted and tried in the probate court of Shoshone county, where judgment was rendered in favor of the appellant. The case was then appealed to the district court and was there tried before

a jury, resulting in a verdict and judgment for respondent. A motion for a new trial was denied, and this appeal is from the judgment and the order denying the motion for a new trial.

Respondent had been employed by Hollar & Plemmons, co-partners, engaged in the livery business at Kellogg, who were indebted to him for past services. One Barnhart and one Roberts were each indebted to Hollar & Plemmons and on October 6, 1914, Hollar gave respondent an order on Barnhart for $229.50, signed Hollar & Plemmons, per M. E. Hollar, and an order on Roberts for $105, signed M. E. Hollar, in payment of their indebtedness to respondent. Shortly thereafter, in an action brought by the First State Bank of Kellogg against Hollar & Plemmons for the foreclosure of several mortgages, appellant was appointed receiver of certain property belonging to them. Respondent thereafter turned the two above orders over to appellant to collect. Appellant collected the sum of $292 on the two accounts and instead of turning the money over to respondent accounted for it in the receivership action. Respondent brought this action to recover the amount collected on the accounts, alleging that at the time they were turned over to appellant the latter agreed to collect the same and to immediately pay the money so collected over to respondent.

Appellant answered, admitting that he had received the orders from respondent, but denied that they were signed by Hollar & Plemmons and that Hollar & Plemmons had any authority to sign the orders, and denied that he agreed to collect the orders for respondent or to pay him the amount collected thereon, and alleged that the orders were delivered to him as receiver and collected in that capacity.

The evidence on behalf of respondent sustains the issues on his part and in rebuttal to appellant's testimony, to the effect that he had received the orders as receiver, respondent introduced the complaint and order in the receivership action, from which it appears that the receiver was authorized by the court to take possession of the property described in

the mortgages, which were being foreclosed. One of the mortgages and the order, after describing in detail certain personal property, such as horses, rigs, wagons, sleighs, harness, whips, robes, sleighbells, hay and oats, contained the following clause: "And all that goes with the livery business connected with the Charles L. Hollar barn."

Numerous errors are assigned, and for the purpose of argument have been grouped by appellant as follows: First, the defective notice of appeal; second, errors committed by the trial court; third, misconduct of counsel for the plaintiff; and fourth, insufficiency of the evidence.

It appears that the notice of appeal from the probate to the district court contained only the following statement, with reference to the matter appealed from: "Plaintiff appeals . . . . from the judgment of dismissal entered herein against him and in favor of defendant, on the 2d day of April, 1915, and from the whole thereof." It is contended by appellant that this notice was insufficient to give the district court jurisdiction of the cause, reliance being placed upon section 4838, Rev. Codes, which provides, among other things: "The appeal is taken by filing a notice of appeal with the justice or judge, and serving a copy on the adverse party. The notice must state whether the appeal is taken from the whole or a part of the judgment, and if from part, what part, and whether the appeal is taken on questions of law or fact, or both." The notice of appeal from the probate to the district court was never served on appellant. It appears from the record that appellant appeared in the district court, asked leave to file and did file an answer and tried the cause, without raising any objection to the jurisdiction upon the ground of the defective notice of appeal. The rule is well settled that, where an appeal is taken from a justice or probate court to the district court, a general appearance on the part of the one opposing the appeal waives all defects and irregularities on the proceedings for appeal. (24 Cyc. 694; *Shay v. Superior Court,* 57 Cal. 541; *Claflin v. American Nat. Bank,* 46 Neb. 884, 65 N. W. 1056; *McCombs v. Johnson,* 47 Mich. 592,

11 N. W. 400; *Wrolson v. Anderson,* 53 Minn. 508, 55 N. W. 597.) The reason for the rule is well stated in the latter case as follows: "The district court has original jurisdiction without respect to the amount in controversy, and had jurisdiction of the subject matter of this action, if the parties voluntarily appeared and submitted the controversy to the court, which it is very clear they did do. After the pleadings were amended, and the case voluntarily set for trial, it was too late to move to dismiss, and the irregularity in the mode of bringing the case into the court in the first instance was waived. The parties appeared in the district court, and consented to the trial of a controversy, the subject of which was within the jurisdiction of the court."

Several errors are assigned as to the admission of evidence and to the giving and refusal to give certain instructions. We have carefully examined the record and are unable to find that the court committed any error in this respect.

During the course of his argument counsel for respondent stated: "So far as Dan Price is concerned, he is not going to lose anything. The Imperial State Bank of Kellogg will—." At which point he was interrupted by objection of opposing counsel. This statement to the jury is assigned as prejudicial misconduct of counsel. From the record it clearly appears that the statement is highly improper and was not based upon any matter properly in the case. We cannot countenance any counsel going outside of the record and injecting prejudicial statements as to matters not involved in the case. But the rule in such cases has been announced by this court in *Goldstone v. Rustemeyer,* 21 Ida. 703–8, 123 Pac. 635, as follows: "Counsel cannot deliberately go outside the evidence and attempt to incite the passions or the prejudice of the jury and have such conduct cured by an instruction to the jury at the close of the trial, to the effect that they must not consider such remarks, and where a judgment is obtained by such conduct a new trial must be granted, unless it affirmatively appears that the judgment was right and would have been the same in the absence of such unauthorized argument." In this case it affirmatively appears that, in the absence of the

misconduct of counsel, the jury could not logically have reached any other verdict than they did. Misconduct of counsel is a matter, unfortunately, which this court has been obliged repeatedly to pass upon. (*Goldstone v. Rustemeyer, supra; Petajaniemi v. Washington Water Power Co.,* 22 Ida. 20, 124 Pac. 783; *Powers v. Boise City,* 22 Ida. 286, 125 Pac. 194; *McLean v. Hayden Creek Mining Co.,* 25 Ida. 416, 138 Pac. 331; *State v. Harness,* 10 Ida. 18, 76 Pac. 788; *State v. O'Neil,* 24 Ida. 582, 135 Pac. 60.)

This brings us to the discussion of the sufficiency of the evidence. It appears from the record that Hollar had signed these orders and delivered them to respondent before the papers in the receivership matter had been served upon either of the partners, and with the consent of Plemmons, his partner. Hollar's authority to give the orders is attacked. But it is a fundamental principle underlying the law of partnership "that a partner . . . . has power to transact the whole business of the firm, whatever that may be, and consequently to bind his partners in such transactions as entirely as himself. This is a general power, essential to the well conducting of business, which is implied in the existence of a partnership. When, then, a partnership is formed for a particular purpose, it is understood to be in itself a grant of power to the acting members of the company to transact its business in the usual way." (*Winship v. Bank of United States,* 5 Pet. (30 U. S.) 529, 8 L. ed. 216–228; 1 Rowley Modern Law of Partnership, sec. 411 et seq., and numerous cases there cited.) That Hollar's act in giving these orders was sufficient to operate as an assignment of the partnership accounts, so far as appellant is concerned, is not open to question. The jury was justified in finding that these accounts were assigned before the receiver took charge, and consequently had become the absolute property of respondent.

But even if this were not true appellant cannot rely upon his authority as receiver as a defense, for that authority was limited by the order of the court, to the extent of taking into his possession the property described in the order above referred to. The clause "and all that goes with the livery

business connected with the Charles L. Hollar barn'' cannot be so construed as to include outstanding accounts or bills receivable. The doctrine of *noscitur a sociis,* applicable to this clause, precludes any such construction, and limits all things intended to be included in this omnibus clause to things and chattels similar in some respects to the other things and chattels specifically described and relating to and used in the livery business. Appellant had no authority as receiver to collect these accounts and when he accepted them from respondent for collection he did so in a private capacity, and was, therefore, liable for the amounts collected thereon.

Appellant further seeks to predicate error upon the receipt of the verdict. It appears that when the cause was submitted to the jury they were given two blank forms of verdict, one to be used in case they found for respondent and the other if they found for appellant. When the jury first came in to return their verdict it read as follows:

"Verdict 292,

"We the jury, in the above intitled action, find $292.00 our verdict in favor of the defendant.''

The clerk called the attention of the court to the irregularity in the form of the verdict, and the court, after consulting with the foreman of the jury sent them back to further consider their verdict, whereupon they immediately returned into court with the following verdict:

"Verdict.

"We, the jury in the above intitled cause, do hereby find for the plaintiff in the sum of 292 dollars.''

It was the duty of the court, upon learning that the verdict was irregular, to send the jury back in order that they might return a verdict in proper form. (38 Cyc. 1893, and cases cited; *Chandler v. Hinds,* 135 Wis. 43, 115 N. W. 339.)

The trial court did not err in refusing to grant appellant a new trial. The judgment is affirmed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.