(November 23, 1920.)

## JOHN DOWNING, Appellant, v. JOHN PANATA, Respondent.

[193 Pac. 849.]

EVIDENCE—JURY—VERDICT.

1. Where the purpose and tendency of evidence is to prove the rescission of a contract of sale, and the verdict on that point is in appellant's favor, the admission of the evidence, although erroneous, does not result in his injury.

2. Where, through oversight and inadvertence, the jury is permitted to take to the jury-room instructions requested by appellant and refused by the court on the ground the law discussed therein is incorporated in the charge given of its own motion, and where it appears there was nothing contained in the requested instructions which was misleading, or confusing, or to the disadvantage of appellant, the incident does not constitute ground for setting aside the verdict.

3. A verdict is not final until entered of record, and until that is done it is in the power of the jury to alter, amend and correct it.

4. It is within the discretion of the court to cause the jury to correct its verdict when informal and insufficient in not covering the issue submitted to it, or to again retire and consider the case. The adoption of the latter alternative, particularly in the absence of objection, is not an abuse of discretion, and is not ground for reversal.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Robert M. Terrell, Presiding Judge.

Action on contract. Judgment for plaintiff, from which he appeals. *Affirmed.*

E. W. Whitcomb and A. C. Cherry, for Appellant.

Taking by the jury to its jury-room requested instructions which were refused by the court was error. (*State v. Buster,* 28 Ida. 110, 152 Pac. 196.)

Error was committed at the trial by the court in refusing to accept the first two verdicts returned, and in accepting the last verdict of the jury in lieu thereof. (22 Ency. Pl. & Pr. 962; Proffatt on Jury Trial, secs. 456, 461; Thompson on Trials, 1998.)

When the intention of the jury is manifest, the court will set right matters of form. (*Petrie v. Hannay,* 3 T. R. 659; 100 Eng. Reprint, 789; Proffatt on Jury Trials, 520; *Priest v. Deaver,* 22 Mo. App. 276.)

Matters of form only can be amended by the trial judge, either before or after discharge of the jury, and either with or without their consent, but amendments in substance are not proper after the discharge of the jury. (*Ewing v. Sanford,* 21 Ala. 157; *Hobart v. Hagget,* 12 Me. 76, 28 Am. Dec. 159.)

L. E. Glennon and J. M. Stevens, for Respondent.

Judgment will not be reversed upon appeal for harmless error committed in the course of the trial. (*Dangel v. Levy,* 1 Ida. 722; *Smith v. Ellis,* 7 Ida. 196, 61 Pac. 695; *Staples v. Rossi,* 7 Ida. 618, 65 Pac. 67; *White v. Johnson,* 10 Ida. 438, 79 Pac. 455; *Darling v. Fremstadt,* 22 Ida. 684, 127 Pac. 674; *Lufkins v. Collins,* 2 Ida. 256, 10 Pac. 300; *Hopkins v. Utah Northern R. Co.,* 2 Ida. 300, 13 Pac. 343; *Barrow v. B. R. Lewis Lumber Co.,* 14 Ida. 698, 95 Pac. 682.)

MORGAN, C. J.—This action was commenced by appellant to recover $730 from respondent for cattle sold by the former to the latter. Respondent alleged a rescission of the contract of sale and, as a counterclaim, that appellant was indebted to him for hay and pasturage in the sum of $469.

The appeal is from a judgment in favor of plaintiff for $375, and from an order overruling his motion for a new trial.

Appellant complains of the introduction in evidence of a statement made by his son, not in his presence, which was admitted on the theory that the son was acting as the father's agent. There is probably sufficient proof of agency to justify the ruling of the court on this point, but if there was not, and the admission of the evidence was erroneous, it was not prejudicial. The purpose, and tendency, of the evidence was to prove the sale of the cattle had been rescinded. The verdict on this point is in appellant's favor and the ruling complained of did not result in his injury.

In support of the motion for a new trial it was shown the jury took with it to the jury-room instructions requested by appellant and refused by the court. This was permitted through oversight and inadvertence. It appears the instructions were refused because the law discussed therein was incorporated in the charge given by the court of its own motion. It is not shown any member of the jury read the requested instructions, but even if that was done, there is nothing misleading or confusing contained therein, nor is it apparent any disadvantage accrued to appellant therefrom. The incident does not constitute ground for setting aside the verdict.

The case was submitted to the jury and it returned into court with a verdict in favor of appellant for $730, and one in favor of respondent, on his counterclaim, for $253.20. After consultation with counsel for the parties, and without objection on the part of anyone, the court, deeming the findings of the jury ambiguous, re-read a portion of the charge to it, gave it additional instructions, and caused it to again retire to consider of its verdict, which it did, thereafter returning into court with a verdict in appellant's favor for $375.

Appellant assigns as error the action of the court in refusing to accept the first two verdicts, and in accepting the last in lieu thereof, and argues that it was its duty to deduct, or to cause the jury to deduct, the amount found to be

due to respondent from that found to be due to appellant, and to cause judgment to be entered in the latter's favor for the balance, $476.80.

The verdict is not final until pronounced and entered of record. In *Brownell Machinery Co. v. Walworth*, 193 Ill. App. 23, it is said, in the abstract of the decision: "Until a verdict is received and recorded, it is not considered valid and final, and it lies in the power of the jury to alter, amend and correct the same, but not afterwards." (See, also, *Blackley v. Sheldon*, 7 Johns. (N. Y.) 32; 38 Cyc. 1892.)

C. S., sec. 6859, provides: "When the verdict is announced, if it is informal or insufficient in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out."

It was within the discretion of the court to cause the jury to correct its verdict, or to again retire and consider the case. The adoption of the latter alternative, particularly in the absence of objection, was not an abuse of discretion, and is not ground for reversal. (*Bates v. Price*, 30 Ida. 521, 166 Pac. 261.)

Other errors are assigned, but they are without merit.

The judgment and order appealed from are affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.