[No. 24169. Department One. December 6, 1932.]

V. T. HERRETT *et al., Respondents,* v. ANTON WERSHNIG *et al., Appellants.*[1]

*Davis, Groff & Moran, Austin E. Griffiths,* and *Mervyn F. Bell,* for appellants.

*John S. Robinson,* for respondents.

HOLCOMB, J.—This action is for the recovery of damages for the alleged breach of a real estate contract. The complaint of respondents alleged that they bought the property involved in the action for the purpose of

[1] Reported in 16 P. (2d) 608.

subdividing and selling it. There is, however, no allegation in the complaint, nor is there any proof in the record, that such fact was made known to appellants.

The defense consisted of a general denial and two affirmative defenses. The first affirmative defense is unimportant because of our ultimate conclusion. In the second affirmative defense, it is alleged that the instrument in suit was, in fact, only an earnest money receipt in the nature of an option, which recited its own measure of damages in the event either of the parties thereto failed to perform on their part, namely, that the sum of ten dollars paid down as earnest money would be returned to respondents if appellants failed on their part, and retained by appellants in case respondents failed on their part; that appellants did not sell the land to other persons until after they were advised by their counsel that the writing or option was at an end, and that appellants acted in good faith upon such advice; and that it would be inequitable and in contravention of law to allow respondents to recover in the guise of damages the value thereof.

The contract on which the complaint was based was for the sale of the tract of land in question for the sum of $1,700, of which ten dollars was paid as earnest money. It was further averred that appellants wholly refused to perform and disabled themselves from performing, by deeding a portion of the land to one Simmons; that respondents had bought the land for subdivision purposes; and that, at the time of performance, it was reasonably worth for such purposes the sum of $4,000. They prayed judgment for $2,300, with interest from June 16, 1928.

After a trial to the court without a jury, it found that appellants had breached their contract, and that the value of the land was $3,000. Judgment was there-

after entered for the difference between $3,000 and $1,700, or $1,300.

Several claims of error are made by appellants, arising over the admission and rejection of testimony and as to the sufficiency of the evidence to sustain the findings made by the trial court, which we find unnecessary to discuss in detail, in view of the determination at which we arrive.

The contract, which was prepared by respondents, who are real estate dealers, after acknowledging receipt of the ten dollars as earnest money and part payment of the purchase price of the real estate therein described, recites that appellants

"Have this day sold to the purchaser for the sum of One thousand seven hundred Dollars, on the following terms, to-wit: the sum of Ten Dollars hereby receipted for, and the further sum of One thousand six hundred ninety (1690) Dollars, payable as follows: Cash."

At the end of the contract is the following stipulation: "I hereby agree to purchase the above described property on the terms above specified." (Signed by both respondents.) Below that stipulation is one signed by appellants, as follows: "The foregoing sale is approved on the terms specified."

Two other provisions of the contract are material, reading:

"If the report of the insurance company shall disclose any defect by reason whereof the application for policy shall be denied, the seller shall have thirty days from date of report to remedy the same, and if such defect be not remedied within said time the earnest money hereby receipted for shall be refunded and all rights hereunder shall be determined."

"In case title be found good, as hereinbefore specified, and the purchaser shall fail or refuse to complete the said sale, the earnest money hereby receipted for shall be forfeited as liquidated damages for such fail-

ure or refusal, and all rights of the purchaser hereunder shall be determined, . . ."

The evidence shows that after waiting for approximately six weeks after May 7, 1928, appellants sold the real estate under installment contracts to two different parties for a total price of $1,725, or twenty-five dollars more than the contract price to have been paid by respondents.

 First, it must be determined that the contract in question, by its terms, is an executory contract of sale, and not a mere option. A memorandum stating that one party has "purchased" certain land on certain terms and has paid thereon a certain sum, evidences a contract for the sale of the land, and not a mere option in favor of the purchaser; the same is held true as to a contract stating that the vendor has agreed to sell, as this also implies a promise on the part of the purchaser to buy it. 27 R. C. L. 336, § 32.

 Next, it must be determined that the contract in suit provided its own measure of damages, unless it was made known to respondents at the time of their purchase that they purchased for the purpose of subdividing and reselling the land. There is no allegation or proof that it was made known to appellants and was in contemplation of the parties at the time of the contract.

In *Church v. Wilkeson-Tripp Co.*, 58 Wash. 262, 108 Pac. 596, 109 Pac. 113, 137 Am. St. 1059 (not cited by either party), which was a case where the contract inevitably contemplated special damages to the parties thereto who had not breached it, we approved the following general principle:

"Special damages may be recovered when the party in default had notice of the special circumstances out of which such damages naturally arose but not in the absence of such notice. Remote, speculative or con-

jectural damages are not recoverable . . . Profits must be certain in their nature, and in respect to the cause from which they proceed.''

We then said:

''The usual rule of excluding profits in estimating damages does not apply where the earning of the profits is directly contemplated in the contract which has been breached.''

We then quoted approvingly from the text of 13 Cyc. 36, which, so far as concerns this case, is:

''In order to recover profits in a case of a breach of contract, such profits must have been within the contemplation of the parties at the time that the contract was made, and where such profits do not enter into the contract itself, they will be denied.''

To the same effect, see 8 R. C. L. pp. 455, 459, 461 and 462. See, also, *Boyden v. Hill,* 198 Mass. 477, 85 N. E. 413; *Kelly v. Simon,* 262 S. W. (Tex. Civ. App.) 202.

Respondents having fixed their own measure of damages by their own contract in the return of the earnest money paid by them, and it being practically conclusively shown that the entire value of the real estate was only twenty-five dollars more than their contract price at the time of sale, giving respondents the utmost benefit of their bargain they are entitled to recover the ten dollars earnest money and the twenty-five dollars additional profit for which appellants sold the land.

We conclude that the judgment must be reversed, and remanded with instructions to enter a judgment for the sum of thirty-five dollars. Appellants will recover costs of appeal.

TOLMAN, C. J., MITCHELL, PARKER, and MILLARD, JJ., concur.