[No. 27735. Department One. November 16, 1939.]

MARGARET HARDINGER, *Appellant,* v. HENRY P. TILL *et al., Respondents.*[1]

[1]Reported in 96 P. (2d) 262.

*Geo. V. Ostroth* and *C. T. Hardinger,* for appellant.

*Wright & Wright (Eugene A. Wright,* of counsel), for respondents.

MILLARD, J.—March 10, 1937, West & Wheeler, realtors, with whom defendants listed for sale certain residential property in the city of Seattle, advertised that property as follows in a daily newspaper of Seattle:

"A Rare Bargain

"For some one wanting a home and income. A duplex property on Capitol Hill. Well finished and in good condition, 5 rooms each separate hot water heating plants, automatic oil burner. This is a real find at $3500. West & Wheeler."

On March 12, 1937, West & Wheeler delivered an earnest money receipt to plaintiff, who paid one hundred dollars upon the purchase price and agreed to pay the balance of thirty-four hundred dollars upon delivery of warranty deed conveying the property free and clear of all encumbrances. No deed or title insurance policy was ever tendered to plaintiff, and no demand made upon her for payment of the purchase price. On March 26, 1937, defendants conveyed the property, in consideration of the same purchase price which the

plaintiff had agreed to pay, to John H. Kaufman and wife.

In July, 1937, an action was commenced to recover damages for breach of the contract to convey the property to plaintiff. Upon appeal of plaintiff, the judgment dismissing that action was reversed. *Hardinger v. Till*, 197 Wash. 135, 84 P. (2d) 668.

In May, 1939, plaintiff brought this action to recover two thousand dollars for the loss of bargain and "in the loss in income upon the said investment" sustained by reason of defendants' breach of their contract to convey the property in question to the plaintiff. Recovery, also, was sought in the amount of one hundred dollars deposited upon the purchase price of the property.

The theory of the defense was that plaintiff abandoned the transaction and agreed to the forfeiture of the one hundred dollars deposited as earnest money. Trial of the cause to the court and a jury resulted in a verdict in favor of the plaintiff in the amount of three hundred and fifty dollars. In answer to special interrogatories, the jury found that plaintiff did not abandon the contract and that the property was worth two hundred and fifty dollars in excess of the purchase price. Judgment on the verdict was entered in favor of plaintiff, who appealed.

On the ground that, as a matter of law, the affirmative defense of abandonment of the contract did not constitute a defense to the admitted cause of action, appellant demurred *ore tenus*. The overruling of that demurrer and the admission, over appellant's objection, of evidence to sustain the defense of renunciation of the contract, are assigned as error.

Counsel for appellant argue that a contract for the sale of lands is required by the statute to be in writing and that such written contract may not be abrogated by parol agreement; therefore, as the so-called renun-

ciation of the earnest money receipt was not in writing, the demurrer *ore tenus* should have been sustained and appellant's objections to admission of evidence to sustain the defense of renunciation of the contract should not have been overruled.

Concededly, an oral agreement to rescind a written contract for the purchase of land is invalid under the statute of frauds. If, however, such oral agreement were partially or completely performed, that agreement would be valid.

While the endeavor of respondents to plead and prove a completely performed oral agreement of rescission was not successful—the issue was resolved by the verdict in favor of appellant—the affirmative defense stated an available and legal defense if believed by the jury. The fact that the jury found against respondents on this issue does not make erroneous the ruling of the trial court on the demurrer *ore tenus*. So, too, the jury's finding on this issue does not render erroneous the trial court's ruling on the admission of evidence to sustain the defense theory.

Any error the court may have committed in refusing to sustain the demurrer *ore tenus* was cured by the verdict of the jury (*McDonald v. McDonald,* 119 Wash. 396, 206 Pac. 23), and any error in the admission of evidence tending to prove the rescission of the contract of sale was cured by the verdict on that point in appellant's favor. *Downing v. Panata,* 33 Idaho 300, 193 Pac. 849.

There is no allegation in the complaint of appellant, nor was any offer of proof made, that either of the respondents had any knowledge of the use which the appellant intended to make of the property. The mere fact that the realtors, who advertised the property, indicated that that property had an income feature, does not constitute a representation on the part

of respondents, who simply authorized the realtors to find a purchaser and give a receipt for earnest money, subject to the approval of respondents, entitling the appellant to recover loss of rentals. *Johnson v. Williams*, 133 Wash. 613, 234 Pac. 449, 238 Pac. 581.

The case at bar is not one of the class in which anticipated profits are recoverable as damages in an action for breach of contract.

The measure of damages in the case at bar is the difference between the contract price and the reasonable market value of the property at the time of the breach. We held in *Herbert v. Hillman,* 50 Wash. 83, 96 Pac. 837, that the measure of damages for the breach of a contract to convey land, where the vendor subsequently sold the same to another, is the amount paid by the plaintiff and the increase in value above the purchase price at the time of the breach. To the same effect is *Herrett v. Wershnig,* 170 Wash. 417, 16 P. (2d) 608.

The trial court did not err in refusing to submit to the jury, as requested by appellant, the item of damages from the loss of income. That instruction would have been contrary to the rule stated above. Portions of the requested instructions are correct; however, substantially, those parts of the requested instructions are contained in instructions given by the trial court. A party may not successfully urge as error the failure of a trial court to give a requested instruction if that instruction is not correct as an entirety. A requested instruction which is in part incorrect is properly refused. *Ramm v. Hewitt-Lea Lumber* Co., 49 Wash. 263, 94 Pac. 1081; *Fehler v. Montesano,* 110 Wash. 143, 188 Pac. 5.

The judgment is affirmed.

BLAKE, C. J., MAIN, ROBINSON, and SIMPSON, JJ., concur.